COMMONWEALTH, by Insurance Commissioner, *vs.* HIDE AND LEATHER INSURANCE COMPANY.* Fitchburg Railroad Company, petitioners.

A provision in a policy of fire insurance that the insured "covenants and engages that the representation given in the application contains a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property insured," is waived by an insurer who issues the policy upon a bare request to insure the property unaccompanied by any statement as to its condition, situation, value, or risk.

Before the issuing of a policy of fire insurance, a dummy engine had been used near the insured building as often as its use was required. *Held*, that its subsequent use when required, although its use increased the risk, did not make void the policy under a provision therein contained that "if the situation or circumstances affecting the risk shall be so altered or changed as to increase the risk" the policy should be void.

---

* The Chief Justice did not sit in this and the following cases.

Commonwealth *v.* Hide and Leather Insurance Company.

A policy of fire insurance upon property described only as "property in freight buildings," will not cover articles of a kind specified in the policy to be not insurable unless by special agreement.

A policy of fire insurance issued to a railroad corporation upon "any property upon which they may be liable in freight buildings or yards" of the corporation covers merchandise belonging to other parties for which the corporation are liable as common carriers, although other common carriers are by contract bound to indemnify the corporation for all loss upon such merchandise.

A policy of fire insurance which insures "freight cars owned or used" by a railroad corporation covers cars belonging to another corporation but in the possession of the first corporation and used by them as common carriers.

Under a policy of fire insurance which insures a certain sum "on all or either" of certain specified buildings, the insurers are liable for the full amount of a loss, not exceeding the sum insured, occasioned by the burning of a single one of the buildings.

PETITION by the Fitchburg Railroad Company for the allowance of a claim for loss by fire against the Hide and Leather Insurance Company, an insolvent corporation against whom proceedings had been taken under Gen. Sts. *c.* 58, § 6.

At the hearing before *Morton*, J., it appeared that the company insured the petitioners for the term of one year, the risk commencing August 9, 1871, among other things to the amount of $8350 " on all or either of the freight buildings at Charlestown " ; $6000 " on property belonging to the company, or on any property for which they may be liable in freight buildings or yards at Charlestown " ; and $5500 " on freight cars owned or used by this company." The policy provided that " Bills of exchange, notes, accounts, and evidences or securities of property of any kind, books, wearing apparel, plate, furniture, money, jewels, medals, patterns, paintings, sculpture, and other curiosities are not to be insured, unless by special agreement " ; and contained a provision that " the assured hereby covenants and engages that the representation given in the application for this nsurance contains a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property insured, so far as the same are known to them and material to the risk; and that if any material fact or circumstance shall not have been fairly represented . . . . or if the situation or circumstances affecting the risk thereupon shall be so altered or changed by or with their advice, agency, or consent, as to increase the risk thereupon ; . . . . the risk hereupon shall

cease and determine and the policy be null and void." The only application for insurance was a verbal request to have insurance made in accordance with a printed schedule of the various descriptions of property upon, and the amounts for which the petitioners desired to obtain insurance. And this schedule, when the policy was written out, was pasted to it, and formed a part of it, as the description of the property and specifications of the amounts insured upon it.

The loss claimed was occasioned by a fire which occurred October 6, 1871, when a freight depot of the petitioners was burned, together with a large amount of merchandise received for transportation, and two freight cars belonging to the Rensselaer & Saratoga Railroad Company, together with office furniture and other property of the petitioners, a schedule of which was annexed to the petition. At the time of the issuing of the policy there were at Charlestown several freight buildings belonging to the petitioners, one of which was burned and the others not. There was other insurance on the property.

For more than ten years before the issuing of the policy, and after its issue till the day of the fire, masters of vessels loading and unloading at a wharf of the petitioners had, with the knowledge of the petitioners, used a dummy engine near the station. This was used as often as the exigencies of the business required, which was usually about once a month, but sometimes oftener; and for nine months in the year one or more of these engines were almost daily at work on some of the wharves of the petitioners, employed by masters of vessels. While the engine was actually in use it increased the risk of fire. It was in use there on the day of the fire and a short time before the fire was discovered. Such engines were in constant use on other wharves in Charlestown and Boston. The company had no knowledge of this use of the engine.

The presiding justice, by consent of the parties, reported the case for the consideration of the full court; such judgment to be entered as the court should deem fit.

*H. C. Hutchins,* for the petitioners.

*C. Allen,* (*C. I. Reed* with him,) for the receivers.

MORTON, J. 1. The receivers contend that the policy was avoided by the use of the dummy engine under the circumstances stated in the report. The policy provides that " if the situation or circumstances affecting the risk thereupon shall be so altered or changed by or with their advice, agency or consent, as to increase the risk thereupon," the policy shall be void. The answer to this position of the receivers is that the situation or circumstances affecting the risk were not altered or changed after the making of the policy. The report finds that for more than ten years the dummy engine had been in use on the wharf of the petitioners, near the station, in the ordinary course of their business. One of the circumstances affecting the risk, existing when the policy was issued, was the occasional use of this engine. It was issued to protect the company against existing risks of which such use was one.

The ground taken by the receivers that the policy is void because the petitioners did not disclose this risk to the company, we think cannot be sustained. The policy contains the provision that " the assured hereby covenants and engages that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, so far as the same are known to them and material to the risk, and that if any material fact or circumstance shall not have been fairly represented," the policy shall be void. This is a provision for the benefit of the insurers, which they might waive. They issued this policy without requiring any application or representation in regard to the situation, value and risk of the property insured. The printed slip furnished by the petitioners, and made part of the policy, contains a description, in the most general terms, of the property insured. So far as it contains any representation it may import a warranty on the part of the assured; but it does not purport to give the situation, value or risk of the property. As the insurers chose to issue this policy upon their own examination, without the application contemplated in this provision, they must be deemed to have waived it, and cannot now claim that the policy is void be

cause the assured did not fully disclose the situation and risk of the property insured. *Hall* v. *People's Mut. Fire Ins. Co.* 6 Gray, 185. *Liberty Hall Association* v. *Housatonic M. F. Ins. Co.* 7 Gray, 261.

We think, therefore, that, there being no change of risk, and no warranty, misrepresentation or concealment as to the matter, the policy was not avoided by the use of the dummy engine.

2. The policy insures the petitioners $6000 " on property belonging to the company, or on any property for which they may be liable, in freight buildings, or yards in Charlestown." The assured claim to recover, under this clause, $4487, for property belonging to them, according to the schedule annexed to their petition. The last clause in the policy provides that accounts, books, furniture and some other articles enumerated, " are not to be insured, unless by special agreement."

The effect of this clause is, that the books and furniture of the petitioners, not being insured by special agreement, are not covered by the policy. Their claim includes a number of items of books and furniture for which they are not entitled to recover, and the case will stand for a hearing as to these items unless the parties agree upon their amount.

Another claim under this clause of the policy is for merchandise belonging to other parties, for which the petitioners were liable as common carriers, and for which they have paid.

The defendants admit their liability for a large proportion of this merchandise, but they contend that they are not liable for that part of it received for transportation over the Vermont & Massachusetts Railroad, or over the Cheshire & Sullivan Railroad and not beyond the termination thereof.

The ground upon which they claim to be exempted from liability is, that in regard to that point, the petitioners and the two railroads named had entered into a contract by which they agreed to indemnify the petitioners from all claims for " any loss of or damage to any and all goods and freight of every description, while in transit over the Fitchburg Railroad, or in its depots, or upon its premises." The argument is, that as by these contracts the Vermont & Massachusetts and the Cheshire

& Sullivan Railroads must ultimately bear the loss of these goods, the Fitchburg Railroad cannot recover for them under this policy. But the conclusion does not follow from the premises.

The Fitchburg Railroad were undoubtedly liable as common carriers for these goods to the owners or forwarders, and it was no defence that the connecting roads had agreed to indemnify them. They had thus a special property and an insurable interest in them. Their policy covered not only property in their freight buildings or yards belonging to them, but "any property for which they may be liable." Whatever may be their rights under their arrangements with the connecting roads, it is clear that they have a right to recover against the insurers under their policy.

3. The petitioners claim to recover for two freight cars belonging to the Rensselaer & Saratoga Railroad Company. The policy covers "freight cars owned or used by the company." Both the cars in question were in their possession and use as common carriers. They had an insurable interest in them, and are entitled to recover for their loss. *Vermont & Mass. Railroad Co.* v. *Fitchburg Railroad Co.* 14 Allen, 462. *Eastern Railroad Co.* v. *Relief Fire Ins. Co.* 98 Mass. 420, 423.

4. The assured owned at Charlestown several freight buildings, one of which was burned and was of the value of over $50,000. The policy insures $8350 "on all or either of the freight buildings at Charlestown." This language admits of but one construction. If either of the buildings is damaged, the insurers are liable for the full amount of the loss, not exceeding the amount insured. As the value of the building burned exceeded the amount of the insurance in the three offices in which it was insured, the petitioners are entitled to recover the full amount of this claim.

*Case to stand for hearing.*