### WALLER *v.* NORTHERN ASSURANCE CO.

*(Circuit Court, D. Iowa, N. D.   April, 1881.)*

1, INSURANCE POLICY—PROVISIONS BINDING ON INSURED—WAIVER NOT PRESUMED.

Where the terms of a policy of fire insurance provide that " if the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property for the uses and benefit of the assured, or if the building stands on leased ground, it must be so represented to these companies and so expressed in the written part of this policy ; otherwise the policy will be void." It is the duty of the party applying for insurance to disclose the nature of his interest in the property to be insured, and from the mere fact that the company's agent made no inquiry concerning the extent of applicant's interest, a waiver of the provision on the part of the company cannot be presumed.

2. SAME—ENFORCEMENT OF PROVISION.

Such provisions must be upheld and enforced, not simply on the ground that it is a warranty to be enforced independently of their materiality, but upon the ground that it calls for the disclosure of material facts.

At Law.   On motion for a new trial.

This is an action at law upon a policy of fire insurance to recover damages for the destruction by fire of a certain building.   The policy sued on declares that John R. Waller has paid the premium for insuring against loss or damage by fire the property hereinafter described, in the several sums following, to-wit : On his five-story, shingle-roof frame building, etc.   Said policy further provides as follows :

'If the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property for the use and benefit of the assured, or if the building stands on leased ground, it must be so represented to these companies, and so expressed in the written part of this policy; otherwise the policy will be void."

It appeared on trial, and the fact was found by the jury, that the interest of the assured was that of a mortgagee only, though he held by a deed unconditional on its face and was in possession. When the assured applied for the insurance no inquiries were made by the company's agent, and no representations were made as to the nature and extent of the plaintiff's interest in the property, and there was no statement in the policy concerning the same. The property was found by the jury to be of the value of $8,000 or $9,000, and it is conceded that the interest of the assured therein was much less, being only about $5,000. Plaintiff moves to set aside the general verdict in favor of defendant upon the ground that it is inconsistent with the general findings, which are in substance stated above.

*Shiras, Van Duzee & Henderson,* for plaintiff.

*Finke & Lyon,* for defendant.

McCRARY, C. J. The policy provides that "if the interest of the assured in the property be any other than entire, unconditional, and sole ownership of the property for the use and benefit of the assured, * * * it must be so represented to the insurer, and so expressed in the written part of the policy, otherwise the policy will be void." The interest of the assured in the property insured in the present case was not an entire, unconditional, and sole ownership, but on the contrary he held only a lien in the nature of a mortgage given to secure a loan of some $5,000. This fact was not represented by the assured to the defendant, and is not stated in the policy.

There is no proof tending to show that the defendant was aware of the fact. On the contrary, it clearly appears that the plaintiff's mortgage, so far as the record disclosed the facts, is a secret lien, being a conveyance absolute on its face; and since it was accompanied by actual possession in the mortgagee, there was nothing to rebut the presumption that he was the absolute and sole owner. These circumstances made it the duty of plaintiff to disclose the nature of his interest, even if it were conceded that a mortgagee out of possession, and whose interest is disclosed by the record, might be excused from so doing. There are strong reasons for upholding and enforcing the provision of the policy under consideration. It is certainly a very

reasonable and proper provision in a contract of insurance of this character, which requires the party seeking insurance upon property to state any facts which it is material for the insurer to know. That the nature and extent of the assured in the property is material, must appear very clear upon the least reflection.

In *Ins. Co.* v. *Lawrence*, 2 Pet. 25, *Marshall*, C. J., in delivering the opinion of the supreme court of the United States, speaking of this very question, said :

"It may not be necessary that the person requiring insurance should state every encumbrance upon his property which it might require of him to state if it was offered for sale, but fair dealing requires that he should state everything which might influence, and probably would influence, the mind of the underwriter in forming or declining the contract.

"A building held under a lease for years, about to expire, might be generally spoken of as the building of the tenant; but no underwriter would be willing to insure it as if it was his, and an offer for insurance stating it to belong to him would be a gross imposition.

"Generally speaking, insurances against fire are made in the confidence that the assured will use all precautions to avoid the calamity insured against which would be suggested by his interest. The extent of his interest must always influence the underwriter in taking or rejecting the risk; and in estimating the premium, so far as it may influence him in these respects, it ought to be communicated to him."

These observations apply with great force to the present case. The plaintiff appeared to be the owner. The property was worth nearly double the amount of the insurance asked for. Assuming, therefore, that he was the owner, he would have a large interest in guarding against the destruction of the property by fire ; but when the fact was developed that he was not the owner, and held only an equitable lien upon the property as security for a sum but little greater than the amount of his insurance, it is seen that in fact his interest in the protection of the property was comparatively slight. It might well be that the defendant, if advised of the facts, would have declined to insure his equitable interest as mortgagee, or would have declined to insure it for a sum so near equal to its full value, or would have charged a much higher premium. The provision in question is, therefore, one which must be upheld and enforced; not simply upon the ground that it is a warranty, and therefore to be enforced independently of its materiality, but upon the ground that it calls for the disclosure of material facts.

Upon this subject, in addition to the case above cited, see the follow-

ing: *Ins. Co.* v. *Lawrence,* 10 Pet. 507; Marshall, Fire Ins. 789; *Jenkins* v. *Ins. Co.* 7 Gray, 370; May, Ins. §§ 272, 287, 289, 291; *Rohrbach* v. *Ins. Co.* 62 N. Y. 47.

But it is insisted that compliance with this provision of the policy was waived by the defendant company, because its agent made no inquiry concerning the extent of plaintiff's interest, and plaintiff made no statement upon the subject. The evidence does not support this position. The contract was that if the interest of the assured was any other than the entire, unconditional, and sole ownership, then he was to represent the facts to the company,—not that he was to disclose them truthfully if requested, or that he would make true and full answers to questions upon the subject. The duty of disclosing his interest, the same being less than the entire ownership, was plainly devolved upon the plaintiff, and for good reason, since he knew and the agent of the company did not know the facts. In other words, under the contract the defendant was authorized to assume that the property was owned absolutely by the applicant for insurance, unless the contrary was represented by him, and more especially in a case where the applicant held what appeared to be an absolute title. A waiver of this condition of this policy cannot, therefore, be presumed from the mere fact that the agent of the defendant made no inquiry upon this subject.

The case might have been different if the plaintiff had been called upon to sign an application, and to answer written or printed questions touching his interest, and had failed to do so. In such a case the issuing of the policy, notwithstanding a failure to answer some of the questions, might well be held a waiver of such answers. *Hall* v. *Ins. Co.* 6 Gray, 186; *Liberty Hall Ass'n* v. *Ins. Co.* 7 Gray, 265. And it may also be true that where the policy requires an application, and provides that it shall contain a full and true exposition of all the facts in regard to the condition, situation, value, and risk of the property insured, a company insuring without such application may be held to waive the representations required to be embraced therein. *Com.* v. *Ins. Co.* 112 Mass. 136.

These authorities are not in point, for the reason that in the present case no written application was provided for in the policy, and, as already stated, the duty of divulging the fact that he was not the full owner of the property was devolved upon the plaintiff. Besides, it would be an unwarranted extension of the doctrine of estoppel to hold that a party may waive that, the existence of which he does not know, and is not in duty bound to ascertain.

The proof shows, and the fact is found by the jury, that the nature of the interest of plaintiff was not known to defendant prior to the fire. It was a secret interest, and there is nothing in the evidence tending to show that the knowledge on the part of defendant of the nature of plaintiff's interest ought to be inferred. May, Ins. § 506; *Finley* v. *Ins. Co.* 30 Pa. St. 311; *Farten* v. *Ins. Co.* 9 Cush. 490; *Allen* v. *Ins. Co.* 12 Cush. 366.

Motion for new trial overruled.

LOVE, D. J., concurs.