AUGUST TERM, 1883. 297

Hotchkiss vs. The Home Ins. Co. of New York.

HOTCHKISS VS. THE HOME INSURANCE COMPANY OF NEW
YORK.

*September 28 — October 23, 1883.*

INSURANCE AGAINST FIRE. *Waiver, on renewal, of condition as to non-occupancy.*

1. Where proof is allowed of the waiver by parol, at the time of a renewal, of a condition in a policy of insurance, all the terms, limitations, and conditions of such waiver may be shown.

2. A condition in a policy of insurance, that if the premises "shall become vacant or unoccupied, and so remain . . . this policy shall be void," applies as well to the non-occupancy of the property when the policy is renewed, as to its being or becoming unoccupied thereafter.

3. At the time of the renewal of such a policy the assured stated to the agent of the company that the premises were unoccupied but that they would be occupied in two or three weeks. The agent said that the policy would be of no effect unless the premises were occupied when burned. *Held,* that there was a waiver of the condition as to occupancy in respect to the time when the policy was renewed, but no further, and, the premises having continued to be unoccupied, the company was not liable for a loss occurring one week after the renewal.

APPEAL from the Circuit Court for *Trempealeau* County.

Action upon a policy of insurance against fire alleged to have been renewed on May 19, 1880, and continued in full force for the term of one year from that date. The loss occurred on May 26, 1880. The answer denies that the company renewed the policy, as alleged, and continued it in full force after May 19, 1880, and alleges that by its terms the policy was to become void if the premises should become vacant or unoccupied without notice to and consent of the company; that for a long time prior to the renewal the premises had been left unoccupied and vacant, and that by reason thereof the policy was null and void when the renewal was applied for and made; that the renewal continued the policy as it then existed from May 19, 1880, to May 19,

1881, and did not alter the terms of the contract or change the void policy into a valid one; that such renewal was simply a receipt for premium for another year on the then existing policy by which the time named therein was extended one year; that after the renewal the premises continued to be unoccupied until the time of the fire, and the policy never revived or attached thereto.

Upon the trial the agent of the defendant company, during his cross examination by the plaintiff, was asked if he knew whether the agent of the plaintiff knew that there was any condition in the policy forfeiting it in case the building was vacant. An objection to the question, made by the defendant, was sustained. Other facts are stated in the opinion. The court directed the jury to find for the defendant, and from the judgment entered on the verdict the plaintiff appealed.

*E. C. Higbee*, for the appellant, contended that as the agent had full knowledge of the vacancy at the time he received the premium and delivered the policy, the company cannot be heard to say that there was a contemporaneous agreement that the policy should not attach. *Kaines v. Knightly*, Skin., 54; *Weston v. Emes*, 1 Taunt., 115; Wood on Fire Ins., 8, 10. When the assured has stated the truth regarding the risk, or has given the notice required by the policy of the happening of any event which would constitute a breach of condition, he has performed his whole duty towards the company, and it must then use a policy not having the condition, or terminate the policy in the manner provided, or else be held to have indorsed its consent on the policy, or stricken the condition from it. Wood on Fire Ins., 838; *Hadley v. N. H. Ins. Co.*, 55 N. H., 110; *Planters' Ins. Co. v. Lyons*, 38 Tex., 253; *Devine v. Home Ins. Co.*, 32 Wis., 471. The same rules apply to a renewal as to the original issue. Wood on Fire Ins., sec. 131; *Beal v. Park Ins. Co.*, 16 Wis., 241.

For the respondent there was a brief by *Cameron, Losey & Bunn*, and oral argument by *Mr. Bunn*.

ORTON, J. The condition of the policy of insurance is that "if the above-mentioned premises shall become vacant or unoccupied, and so remain, with the knowledge of the assured, without notice to and consent of this company indorsed thereon, this policy shall be void." This condition applies as well to the non-occupancy of the property when the policy was renewed, as to its being or becoming unoccupied thereafter. *Devine v. Home Ins. Co.*, 32 Wis., 471.

The evidence was that the agent of the assured informed the agent of the company, at the time of the renewal of the policy, that the premises were unoccupied, but that they would be occupied in two or three weeks. The agent of the company said, in effect, that the policy would be of no effect unless the premises were occupied when burned. This was a waiver of the condition on the part of the company so far as the premises were unoccupied at the time the policy was renewed. *Devine v. Ins. Co., supra.* It is claimed by the learned counsel of the appellant (1) that this constituted a waiver of the condition of non-occupancy at the time the policy was renewed; and (2) that so far as the future occupancy was concerned, it was a contemporaneous verbal or oral agreement, which could not affect the terms of the written policy.

The waiver of the non-occupancy at the time the policy was renewed was by parol, and in the nature of an estoppel *in pais*, and directly in conflict with the terms of the policy, and yet it may prevail. Then why may not the *condition* of the waiver — which is an essential part of it, and gives it character and effect — rest in parol also? In the above case of *Devine v. Ins. Co.* it was in evidence on the part of the company that in addition to the waiver of the condition of occupancy of the premises at the time of the issuing of the

policy, by reason of the agent's knowledge that it was unoc-
cupied at the time, and as a part of such waiver, the assured
agreed or promised that they should be occupied within
thirty days thereafter.   This was denied by the plaintiff.
The circuit court instructed the jury, in effect, that if such
was the representation of the plaintiff, and the building was
so unoccupied, and so remained more than thirty days imme-
diately previous to the fire, without notice to the company
and its consent, the company was not liable on the policy.
This instruction was approved in the opinion · of the then
chief justice, as follows: " It is obvious that the court should
not have instructed the jury that the policy was void, except
only in case they found that there was an agreement to enter
and occupy within the thirty days, which was the instruction
given."   This is authority in favor of the validity of such
an agreement, although resting in parol.   In such case the
agreement is not in contradiction of the terms of the policy,
but rather in accordance therewith, that the premises shall
not become vacant or unoccupied.   The parol waiver of the
condition in respect to the occupancy of the premises at the
time of the renewal of the policy, and consent that they
need not be occupied at that time, are directly against the
terms of the policy, but the agreement that they shall be
occupied thereafter is in accordance with them.

This understanding or agreement is, in effect, that the
company will waive the condition of occupancy in respect to
the time-being when the policy is renewed, but no further;
or that in respect to present occupancy there is a waiver on
condition of future occupancy, or when the loss should occur.
By a familiar rule of evidence, when proof is allowed of
such waiver at the time, the whole matter of the waiver,
with its terms, limits, and conditions, may be shown.   The
waiver for the present time could not be made available
without the condition connected therewith, that it shall be
only for the present.   We regard the question here involved

as decided in the above case of *Devine v. Ins. Co.*, and we believe the decision correct. The premises remained unoccupied until the fire, against the condition of the policy, which was not superseded, but rather confirmed and insisted upon, by the oral agreement.

The point made upon the evidence, that it was proper to prove whether the plaintiff knew the conditions of the policy in respect to occupancy, was not insisted upon on the argument, probably for the obvious reason that he must be presumed to have known the conditions of his policy, unless his attention was directed therefrom by the fraud of the defendant. The evidence showing the whole understanding or agreement in respect to the waiver of the condition of occupancy, was clearly admissible, and its effect warranted the circuit court in directing a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.