BONNEVILLE, Appellant, vs. THE WESTERN ASSURANCE COMPANY, Respondent.

*February 4— March 1, 1887.*

INSURANCE AGAINST FIRE. *(1) Additional insurance without consent: Forfeiture: Waiver. (2) Assured bound to know contents of policy.*

1. Plaintiff obtained a policy of insurance from the defendant company for $1,000, which provided that if he obtained additional insurance without the consent of the company the policy should become void. At the time of issuing the policy defendant's agent offered to take an additional risk of $1,000, but plaintiff declined the offer. Afterwards plaintiff procured additional insurance in other companies to the amount of $1,800, and told defendant's agent that he had taken additional insurance, but did not state the amount. After a loss had occurred, plaintiff was told by defendant's agent that his policy required proofs of loss, which the plaintiff accordingly made and forwarded to the company. Neither the defendant nor its agent knew until such proofs of loss were received the amount of the additional insurance. *Held:*

(1) Assuming that the offer of the agent to take an additional risk amounted to a consent to additional insurance to the amount

of $1,000, still the obtaining of such insurance in excess of that sum avoided the policy.

(2) The requiring of proofs of loss, without knowledge of the amount of the additional insurance, did not constitute a waiver of the forfeiture or estop the company to assert the same.

2. The assured is bound by a condition in his policy avoiding it in case he obtains additional insurance without consent, although he did not know that his policy contained such condition.

APPEAL from the Circuit Court for *Milwaukee* County.

The action is upon an insurance policy for $1,000 issued by the defendant company to the plaintiff on a stock of drugs. It bears date June 23, 1884, and is for one year. In February, 1885, the insured property was destroyed by fire, and thereafter the plaintiff made due proofs of loss as required by the policy. The defense to the action is an alleged breach of the following stipulation in the policy: "If the assured shall have, or shall hereafter make, any other contract of insurance, *whether valid or not, on the property hereby insured*, or any part thereof, without the consent of this company written hereon, . . . then, and in every such case, this policy shall *become void*." The italics are in the policy. On the trial, after the plaintiff rested his case, the court granted the motion of defendant for a nonsuit. A motion by the plaintiff for a new trial was denied, and judgment entered dismissing the complaint with costs. The testimony is stated in the opinion. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan*, and oral argument by *Mr. Cotzhausen*. They contended, *inter alia*, that the breach of a condition by the insured is not sufficient of itself to put an end to the contract, but it must be followed within a reasonable time after notice by an unequivocal act on the part of the insurer, who means to avail himself of the opportunity to assert a forfeiture of the policy. *Appleton Iron Co. v. British Am. Ass. Co.* 46 Wis. 33; *Webster v. Phœnix*

*Ins. Co.* 36 id. 71; *Insurance Co. v. Norton*, 96 U. S. 234; *Viele v. Germania Ins. Co.* 26 Iowa, 9; *Joliffe v. Madison Mut. Ins. Co.* 39 Wis. 119; May on Ins. (2d ed.), secs. 372, 502; Wood on Ins. 831; Bliss on Life Ins. sec. 272; *T. L. Ins. Co. v. Anderson*, 77 Ill. 384; *M. L. Ins. Co. v. French*, 30 Ohio St. 240; *G. M. M. L. Ins. Co. v. Gibson*, 52 Ga. 640; *Osterloh v. New Denmark M. H. F. Ins. Co.* 60 Wis. 126; *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 id. 163. The right to assert forfeiture in this case was waived not only by laches but by the affirmative acts of the company in requiring proofs of loss. *N. W. Mut. L. Ins. Co. v. Germania Fire Ins. Co.* 40 Wis. 446; *Webster v. Phœnix Ins. Co.* 36 id. 67; *Gans v. St. P. F. & M. Ins. Co.* 43 id. 109. Knowledge of the agent was notice to the company. *Gans v. St. P. F. & M. Ins. Co.* 43 Wis. 109; *Miner v. Phœnix Ins. Co.* 27 id. 693; *Sherman v. Madison Mut. Ins. Co.* 39 id. 104; *American Ins. Co. v. Gallatin*, 48 id. 46; *Schomer v. Hekla F. Ins. Co.* 50 id. 575. Presumptively the assured knew of the condition, but this presumption is not conclusive. *Boorman v. Am. Exp. Co.* 21 Wis. 152; *Strohn v. D. & M. R. Co.* id. 554; *Fuller v. Madison Mut. Ins. Co.* 36 id. 599; *Morrison v. P. & C. Const. Co.* 44 id. 405.

For the respondent there was a brief by *Lusk & Bunn*, and oral argument by *Mr. Lusk*.

LYON, J. The contract of insurance was made with the plaintiff by one Winchester on behalf of the defendant company. Winchester was a local agent of the company, and had due authority to bind it by the contract. When the policy was issued Winchester offered, on behalf of the company, to take an additional risk of $1,000 (being $2,000 in all) on plaintiff's stock of goods; but the plaintiff declined such offer. In November, 1884, the plaintiff obtained of one Roomer, another insurance agent, three policies for $600 each, from three other companies respect-

ively, on the same stock of goods. This he did without the consent or knowledge of Winchester or the defendant company, unless such consent can be implied from the fact that Winchester was willing to take for the defendant an additional risk of $1,000 on the insured property. Soon afterwards, however, plaintiff told Winchester, in a general way, that he had taken additional insurance of Roomer. There is no testimony which would justify a finding that he told Winchester the amount of the insurance, or in what companies it was taken; or that the latter or any other agent of the defendant company knew those facts until the plaintiff made proofs of loss as hereinafter stated. When so told of such additional insurance, Winchester expressed his disapprobation.

Soon after the insured property was destroyed by fire Winchester knew the fact, and in March following plaintiff notified the company of his loss. About the same time Winchester told the plaintiff that his policy required proofs of loss, whereupon the plaintiff made out and forwarded to the company formal proof of loss, as required by the policy, which shows the additional insurance. The plaintiff testified that after the fire a person claiming to be an adjuster also told him he must make proofs of loss, but the testimony is entirely insufficient to sustain a finding that such person was an agent of the defendant company or acting for it.

From the foregoing statement of the testimony, it is obvious that the nonsuit was properly ordered, unless the failure of the company to declare the policy forfeited when its agent, Winchester, was informed of the additional insurance, is a waiver of such forfeiture, or unless the company is estopped to assert the forfeiture because Winchester told the plaintiff, after the insured property was burned, that the policy required him to make proofs of loss, which he accordingly made.

It will be remembered that Winchester offered to take an additional risk of $1,000 on the insured property. It will be most favorable to the plaintiff to assume that this offer has the effect of a consent by Winchester, by which the company is bound, that the plaintiff might obtain additional insurance to that amount. It is probable that Winchester so regarded it when informed that the plaintiff had procured additional insurance. The amount so procured was not stated to him, and he had the right to assume, as presumably he did, that the additional insurance was within the limits of such consent. Hence, when Winchester was informed of the additional insurance, and also when he advised the plaintiff that his policy required proofs of loss, neither he, nor the company whose agent he was, had any knowledge that the additional insurance procured by the plaintiff worked a forfeiture of the policy. There was no occasion, therefore, to declare a forfeiture of the policy, or to abstain from calling for proofs of loss, until the company received information, in such proofs, of the facts causing the forfeiture. It is not claimed that the company or its agents did or omitted to do anything, after receiving such information, which operates as a waiver of the forfeiture or estops it to assert the same as a defense to this action. The result would be the same had the defendant's adjuster called upon the plaintiff to furnish proofs of loss. It is very clear that the testimony fails to bring this case within the rule of *Webster v. Phœnix Ins. Co.* 36 Wis. 67, and other cases in this court in which the rule of that case has been applied.

We conclude that a breach of a stipulation in the policy which works a forfeiture of the contract of insurance was conclusively proved, and that there is no testimony tending to show a waiver of such forfeiture by the company or any facts which estop it to assert the same as a defense to an action on the policy. Hence the court properly nonsuited the plaintiff.

On the trial the plaintiff offered to testify that he did not know his policy contained the clause or stipulation in question, and that he was a novice in insurance business, being entirely unfamiliar therewith. Objections to such offered testimony were sustained. The rulings in this behalf were correct. *Fuller v. Madison Mut. Ins. Co.* 36 Wis. 599.

*By the Court.*— The judgment of the circuit court is affirmed.