England and another, Respondents, vs. The Westchester Fire Insurance Company of New York, Appellant.

*February 25 — March 22, 1892.*

*Insurance against fire: " Vacant or unoccupied" building: Condition construed: Waiver: Difference between earlier and later policies.*

1. A policy contained a condition that it should be void if the barn described in it, "whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days." The barn was vacant at the time the policy was issued, and so remained for more than ten days and until it was burned. *Held,* that the vacancy at the time the policy was issued did not render it void in its inception. The policy attached to the risk and was avoided only by the premises remaining thereafter vacant for ten days.

2. The clause "whether intended for occupancy by owner or tenant" was designed to give the same effect to non-occupancy arising from the act or omission of a tenant as if it occurred through the act or omission of the owner himself.

3. If it be presumed that the company had knowledge of the vacancy of the premises at the time the policy was issued, its consent to the continuance of such vacancy cannot be implied therefrom, nor can it, on that ground, be charged with notice of such continuance or be held to have waived the condition of the policy.

England and another vs. The Westchester Fire Ins. Co. of New York.

4. It is immaterial that a former policy issued by the same company to the insured on the same property did not contain the same condition in regard to vacancy, there being no fraud or mistake, and the insured having confirmed the later policy by bringing suit upon it.

APPEAL from the Circuit Court for *Eau Claire* County.

This action was brought to recover $1,000, the amount of a policy of insurance issued June 14, 1890, to the plaintiffs on a certain barn situated in the city of St. Paul. The policy was issued without previous written application, survey, plan, or description of the property, and contained the following stipulations: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if the hazard be increased by any means within the control or knowledge of the insured, . . . or if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance, . . . or if a building herein described, *whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days.*"

The barn, at the time the policy was issued, was vacant and unoccupied, and so continued until the time of the loss,— August 22, 1890. No testimony was offered or introduced showing or tending to show that at the time of the issuing of the policy, or at any time previous to the loss, the defendant had notice that said premises were vacant or unoccupied, or of any consent that the same should so remain vacant and unoccupied, or any waiver of the condition of the policy in regard thereto. The defense was that at the time of the alleged loss the premises and building were unoccupied, and had been vacant and unoccupied for more than ten days prior thereto, without the knowledge or consent of the defendant, and that no agreement or consent thereto had been indorsed upon or added to the policy.

At the close of the testimony the defendant moved the court to direct a verdict in its favor. This motion was denied, and the court directed the jury to find a verdict for the plaintiffs for the amount of the policy. After the entry of the verdict the defendant moved to set it aside and for a new trial, but the motion was overruled by the court, and judgment was entered on the verdict in favor of the plaintiffs and against the defendant for the amount of the policy and costs, from which the defendant appealed.

For the appellant there was a brief signed by *L. A. Doolittle* and *R. W. Barger*, and a separate brief by *Mr. Doolittle;* and the cause was argued orally by *Mr. Barger*. They argued, among other things, that a verdict should have been directed for the defendant. The following authorities define the meaning of the phrase "vacant or unoccupied," and hold that if the buildings insured become "vacant or unoccupied," and burn while in this condition, no recovery can be had. *Fitzgerald v. Connecticut F. Ins. Co.* 64 Wis. 463; *Cook v. Continental Ins. Co.* 70 Mo. 610; *Herman v. Adriatic F. Ins. Co.* 85 N. Y. 163; *Keith v. Quincy M. F. Ins. Co.* 10 Allen, 228; *Snyder v. Firemen's F. Ins. Co.* 78 Iowa, 146; *Feshe v. Council Bluffs Ins. Co.* 74 Iowa, 676. The defendant did not, by issuing its policy upon a building which was vacant or unoccupied at the time, waive the condition of the policy in this case. Knowledge is a necessary element of waiver. 2 Wood, Ins. 204; *Allen v. Vermont M. F. Ins. Co.* 12 Vt. 366; *Keenan v. Missouri S. M. Ins. Co.* 12 Iowa, 135; May, Ins. (2d ed.), sec. 506; Flanders, Fire Ins. 477. A waiver cannot be presumed from the mere fact that no inquiry was made as to occupancy. *Waller v. Northern Ass. Co.* 2 McCrary, 637; *S. C.* 64 Iowa, 101; *Davis v. Iowa S. Ins. Co.* 67 id. 494; *Illinois M. F. Ins. Co. v. Marseilles Mfg. Co.* 6 Ill. 236; *Dwelling House Ins. Co. v. Reynolds,* 41 Ill. App. 427; *Clay F. & M. Ins. Co. v. Huron S. & L. Co.* 31 Mich. 346; *Ross v. Citizens' Ins. Co.* 3 Pugs. & B.

England and another vs. The Westchester Fire Ins. Co. of New York.

(N. B.), 126; *Reithmuller v. Fire Asso.* 38 Mo. App. 118; *Mers v. Franklin Ins. Co.* 68 Mo. 127; *McCormick v. Springfield F. & M. Ins. Co.* 66 Cal. 361; *Scottish U. & N. Ins. Co. v. Petty,* 21 Fla. 399; *Cuthbertson v. North Carolina H. Ins. Co.* 96 N. C. 480; *Crescent Ins. Co. v. Camp,* 64 Tex. 521; *Wineland v. Security Ins. Co.* 53 Md. 276.

For the respondents there was a brief by *Baker & Helms,* and oral argument by *E. W. Helms.* They contended, *inter alia:* 1. The vacancy clause in this policy has no application to the barn insured. The clause is, " or if *a* building herein described, *whether intended for occupancy by owner or tenant,* be or become vacant," etc. The clause italicized can only have significance, in the connection in which it is used, when it is held to refer to the intention of the insured as to the occupancy during the period covered by the policy, *as represented at the time the policy was issued.* It can have no possible application to a case where the building was not intended, at the issuing of the policy, to be occupied either by the owner or tenant; in other words, to a vacant building. 2. It must be held either that the company insured the building relying upon its own knowledge as to occupancy, or that it deemed the fact of occupancy or non-occupancy immaterial, and thereby waived this provision of the policy. (1) It has been held that where the company has knowledge, at the time the policy is issued, that the premises are vacant, they cannot take advantage of the non-occupancy clause, and that the policy is a binding one. *Alkan v. New Hampshire Ins. Co.* 53 Wis. 136, 143; *Devine v. Home Ins. Co.* 32 id. 471, 476; *Beal v. Park F. Ins. Co.* 16 id. 241, 246. (2) Where no representations are made or required from the insured, it must be presumed that the policy was issued upon the knowledge of the property possessed by the insurer. *Philadelphia Tool Co. v. British Am. Ass. Co.* 132 Pa. St. 241; *Comm. v. Hide & Leather Ins. Co.* 112 Mass. 136; *Sibley v. Prescott Ins. Co.*

57 Mich. 14; *Hoose v. Prescott Ins. Co.* 32 Cent. L. J. 226, and note; Wood, Fire Ins. secs. 176, 211; *Short v. Home Ins. Co.* 90 N. Y. 16; *Dwelling House Ins. Co. v. Hoffman,* 125 Pa. St. 626; *Gilman v. Dwelling House Ins. Co.* 81 Me. 488. (3) Where the insurer issues a policy without requiring any statements from the insured, and the policy contains conditions which would make the same void at its inception, the insurer must be held to have waived those conditions and to have issued a valid policy. *Western Ass. Co. v. Mason,* 5 Bradw. 141, 146; *Washington Mills E. M. Co. v. Weymouth & B. M. F. Ins. Co.* 135 Mass. 503, 505; *O'Brien v. Ohio Ins. Co.* 52 Mich. 131, 135; *Peet v. Dakota F. & M. Ins. Co.* 47 N. W. Rep. (S. D.), 532; *Hoose v. Prescott Ins. Co.* 32 Cent. L. J. 226, and note. 3. There is no proof that the non-occupancy of the barn increased the risk. In this case it was not only necessary to prove that fact, but also that the non-occupancy was fraudulently concealed. *Van Kirk v. Citizens' Ins. Co.* 79 Wis. 627, 630. 4. In the policy issued for the previous year the only condition as to occupancy was that the policy should become void "if any building insured *as occupied for the purpose described* in this policy be or become vacant or unoccupied." If the policy in suit had contained that provision there can be no question that it would be binding. When the new policy was issued in pursuance of their request for further insurance, the plaintiffs, not having been called upon to sign any new application, no questions having been asked, and no intimation to the contrary given, had a right to assume that the insurance was continued upon the same terms and conditions as already existed.

PINNEY, J.   The liability of the defendant depends upon the proper construction of the condition contained in the policy issued by it, that it should be void if the barn described in it, "whether intended for occupancy by owner

or tenant, be or become vacant or unoccupied, and so remain for ten days," unless otherwise provided by an agreement indorsed on or added to the policy. The premises were vacant and unoccupied at the date of the policy, and so remained without the knowledge or consent of the company until the loss in question occurred.

The clause, "whether intended for occupancy by owner or tenant," was plainly intended to give the same effect to non-occupancy or failure to use the building arising from the act or omission of a tenant, upon a policy issued to the owner, as if it occurred by reason of the act or omission of the owner himself. The substance of the warranty contained in the policy, which was continuing in its nature, was aimed not against mere vacancy or non-occupancy existing at any particular period,— whether at the date of the policy or at any subsequent time,— as affecting the risk, but against the existence of such a condition of the building, *continuing for ten days* at any time after the policy was issued. If the building was vacant and unoccupied at the date of the policy, the insured, within ten days, might use and occupy it so as to save the policy. No good reason can be suggested why vacancy or non-occupancy should be attended with any greater effect if it existed at the date of the policy than if occurring at any subsequent period, when, to be effective as a breach of warranty and consequent forfeiture, it was necessary it should continue for ten days. We think that by a fair grammatical construction of the language the clause "and so remain for ten days" applies as well to the present as to the future condition of the property. Any other construction seems foreign to the intention of the parties, as manifested by the language used, and would result in making the policy void *ab initio,*— a construction to be avoided if the language is reasonably susceptible of any other meaning. The language of the policy should not only be construed most strictly

against the insurer who has issued it, and in favor of the insured, but so as to render the contract valid and operative. *Kircher v. Milwaukee M. M. Ins. Co.* 74 Wis. 473, and cases there cited; *Darrow v. Family Fund Soc.* 116 N. Y. 544; *Coyne v. Weaver*, 84 N. Y. 386. If the construction we have given to the policy is correct, then the clause in question was violated by the building insured under it remaining vacant and unoccupied for ten days, and the consequence is that the policy became void, and no recovery can be had on it.

On behalf of the respondents it is claimed that, as the premises were vacant and unoccupied at the date of the policy, it is to be presumed that the insurer knew of the fact, or is chargeable with knowledge of it, and is deemed to have waived the requirement in question. Neither the argument nor the cases cited meet the necessity of the case, for it may well be said that actual knowledge at the time of issuing the policy of existing facts that by the terms of the policy would prevent it from attaching and render it void from its inception, will amount to a waiver of stipulations in the policy in relation thereto; but it cannot, we think, be successfully maintained that, conceding that knowledge of vacancy or non-occupancy is to be imputed as a matter of law to the insurer, there is any implied consent to the continuance of such condition of the premises, or that the insurer is thereby affected with notice that they so continued and remained thereafter vacant and unoccupied, contrary to the express continuing warranty or condition on that subject contained in the policy. Under the policy in question it was clearly the duty of the insured to make good their warranty in this respect, and they knew perfectly well that they had failed to do so. Nothing took place between the parties on the subject. There is no reason for imputing to the insurer, as a matter of law, knowledge of the breach of the stipulation in regard to the

occupancy or use of the premises, for there is nothing inconsistent in the fact of existing vacancy or non-occupancy with the express stipulation of an executory character that it shall not so continue for ten days; for such mere implied knowledge at the date of the policy cannot be construed into a consent that it shall continue for a longer period, contrary to the express stipulation of the parties. There is therefore no ground for saying that the insurer, after having taken the stipulation in question, took the chances as to whether the insured complied with it. Failure to comply with the policy in this respect terminated all liability under it. The construction we have thus placed upon the policy is the most beneficial one for the insured. Under it the policy attached at once to the risk, when otherwise it would be void in its inception, and the insured had ten days within which to make good the condition of the policy in respect to use or occupancy.

The respondents' counsel place reliance upon the case of *Short v. Home Ins. Co.* 90 N. Y. 16, upon which mainly it is understood the case was decided in the circuit court. In this case the provision was that, in case the premises "become vacant and unoccupied, and so remain, with knowledge of the assured, *without notice to* and consent of the company in writing," the policy should be void. The premises were vacant and unoccupied at the time of the insurance, and so continued until the building was destroyed by fire, and it was held that there was a breach of the condition; and that when the insurer fails to inquire as to occupation, unless there is proof of concealment, it is not evidence of bad faith which will vitiate the policy; and that, where *no statement is made in the policy* as to the occupation, it must be assumed that the insurance was made without regard to occupation; and the court held that it was a question of fact for the jury to determine whether the agent of the insurer *knew the condition* of the premises;

and regarded the matter of occupation as immaterial. If he did so, then the condition might be regarded as waived. This case does not sustain the position that notice and waiver are to be implied from the fact that the premises, at the date of the policy, were vacant or unoccupied. This is made quite clear by the subsequent cases of *Sanders v. Cooper*, 115 N. Y. 287, and *Walton v. Agricultural Ins. Co.* 116 N. Y. 322, in which the case of *Short v. Home Ins. Co.* and other like cases are cited and considered.

The cases of *Comm. v. Hide & Leather Ins. Co.* 112 Mass. 136, and *Washington Mills E. M. Co. v. Weymouth & B. M. F. Ins. Co.* 135 Mass. 505, do not go beyond holding that, where no inquiry is made as to title and the like, and no representation is made in that regard by the insured, the policy will not be avoided without showing misrepresentation or concealment; that an innocent failure to communicate material facts will not avoid it, although the policy contains the provision that "the assured covenants that the representation given in the application for this insurance contains a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property insured, so far as the same are known to them; and that, if any material fact or circumstance shall not have been fairly represented," the policy shall be void. In the case first named (112 Mass. 136) the insurers chose to issue the policy on their own examination, without the application contemplated by the provision quoted. In the case of *Philadelphia Tool Co. v. British Am. Ass. Co.* 132 Pa. St. 241, much relied on by respondents, the policy, in like manner, was issued without written request describing the *interest* of the insured in the building, and no actual representation was made by him on that subject; and it was held that, as the policy could be avoided only on the ground of fraud, and as fraud could not be presumed, the court ought to assume for the purposes of that issue that

the policy was written upon the knowledge of the insurer, for which the insured was not responsible.

These cases fall far short of showing that there was or could be an implied waiver of the continuing condition or warranty as to future use or occupation in this case, founded upon a mere presumption that the insurer knew that the premises were vacant and unoccupied at the date of the policy, when nothing whatever occurred or took place between the parties on this subject at the time or thereafter before the loss. The insurer took a stipulation, as to the future merely, against vacancy or non-occupancy, as affecting the risk, continuing for more than ten days. There is no pretense that until after the loss occurred the defendant had any notice whatever that the condition in question had not been kept, or that it had in any way or manner waived such breach. Waiver implies actual knowledge of some essential objection or condition going to the liability of the insurer. *McFarland v. St. Paul F. & M. Ins. Co.* 46 Minn. 519; *Boyd v. Vanderbilt Ins. Co.* 16 S. W. Rep. (Tenn.), 470; *Bonneville v. Western Ass. Co.* 68 Wis. 298; *Hotchkiss v. Home Ins. Co.* 58 Wis. 297. The proof of waiver of a material provision of the policy ought to be reasonably clear and certain. *Bosworth v. Merchants' F. Ins. Co.* 80 Wis. 393, and cases cited; *Stevens v. Queen Ins. Co., ante,* p. 335.

It is not material that a former policy, issued by the defendant company to the plaintiff on the same property, did not contain the same provision in regard to the use or occupancy of the premises as the one in suit. There is no pretense of fraud or mistake, and, the plaintiffs having had ample opportunity to examine the policy in suit and learn its terms, it must be presumed that they assented to the policy as written. Indeed, by bringing their action on the policy, the plaintiffs confirmed it and are bound by all its provisions. *Bonneville v. Western Ass. Co.* 68 Wis. 298; *Swan v. Watertown F. Ins. Co.* 96 Pa. St. 43.

We hold, therefore, that by the true construction of the policy it was not void because the premises mentioned in it at the time it was issued were vacant or unoccupied; that the policy in question attached to the risk, and was avoided by the premises remaining thereafter vacant and unoccupied for ten days, in violation of the continuing condition or warranty contained in the policy; and that there is no evidence whatever to show any waiver of the condition or forfeiture. The circuit court erred in not directing a verdict for the defendant and in directing the jury to find for the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.