[No. 5173.   Decided August 3, 1904.]

C. H. BARTLETT et al., Appellants, v. THE BRITISH AMERICA ASSURANCE COMPANY, Respondent.[1]

INSURANCE—POLICY—CONDITIONS—VACANCY OF BUILDING FOR MORE THAN TEN DAYS—ABSENCE OF CONSENT—REPRESENTATIONS. There can be no recovery under a policy of fire insurance which provides that the same should be void if the building was unoccupied and so remained for ten days without the company's consent, where the building was vacant at the time the policy was issued and so remained for more than ten days without the knowledge of the company; and the fact that no inquiries or representations were made upon the subject does not change the rule, or in any way estop the company.

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered July 20, 1903, dismissing

[1]Reported in 77 Pac. 812.

on the merits an action to recover insurance upon a loss by fire, after a trial before the court, a jury being waived. Affirmed.

*Whitson & Parker,* for appellants.

*Graves & Englehart,* for respondent.

HADLEY, J.—On March 28, 1902, appellants were the owners of a dwelling house in North Yakima, and on said date the respondent issued its policy of insurance upon said house in the sum of $400, whereby it undertook to insure against loss or damage by fire, for a period of three years from said date. The house was unoccupied at the time the policy was issued, a fact unknown to respondent, and it also appears that appellants had no actual knowledge that it was vacant. No representations were made by appellants upon that subject, when their application was made or when the policy was issued, and no information thereon seems to have been asked by respondent. The policy contained the following provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." No agreement was made for an extension of time for the house to remain vacant. It remained unoccupied until the 5th day of May, 1902, when it was destroyed by fire. Demand for payment was made by appellants, and refused by respondent. This suit was brought to recover the amount mentioned in the policy. Respondent interposed the defense that the house had remained vacant for a period of more than ten days without its permission, in violation of the terms of the above quoted provision in the policy, and it brought into court for the use of appellants the amount of pre-

mium paid.  The cause was tried by the court without a jury, the jury being waived.  The trial resulted in a judgment dismissing the action.  The plaintiffs have appealed.

The only question to be examined is whether appellants are precluded from recovery by reason of the said provision in the policy.  It is the position of appellants that, inasmuch as the house was vacant when the policy was issued, respondent therefore waived that provision in the contract.  It would seem that respondent should not be charged with having waived the question of occupancy when it had not even knowledge that the building was unoccupied.  But appellants urge that, since no information was asked upon that subject and no representations were made, said requirement was therefore waived.  We think, under the terms of the policy, it was wholly immaterial to respondent whether the building was vacant or occupied at the time the policy was issued.  In either case it undertook to bind itself for a period of ten days.  The contract provided that the policy should become void, if the building should then be, or should thereafter become, vacant and should so remain for ten days.  It will be observed that the policy did not require that the property should be then *occupied,* but rather that, if it was then *unoccupied* and *remained* so for ten days without respondent's consent, it should become void.  The contract by its terms, was undoubtedly good against loss which might have occurred within ten days, but not for loss occurring after that time, unless respondent had consented to an extension of the period of vacancy.  The said provision of the contract seems to be plain and unambiguous, and the facts bring this case squarely within it, thus rendering the policy void.  The following authorities are directly in point: *England v. Westchester Fire Ins. Co.,* 81 Wis.

583, 51 N. W. 954, 29 Am. St. 917; *Connecticut Fire Ins. Co. v. Tilley,* 88 Va. 1024, 14 S. E. 851, 29 Am. St. 770; *Thomas v. Hartford Fire Ins. Co.,* 21 Ky. L. 914, 53 S. W. 297.

Appellants cite authorities to the point that an insurance company is estopped from asserting the invalidity of its policy at the time it was issued, for the violation of any of the provisions of the policy, if, at the time it was issued, such violation was known to the company or its agent. Such authorities are not pertinent here for the reason that the insurance company in this case does not seek to claim that its policy was, for any reason, void at the time it was issued. It admits that the policy was binding at the beginning, and remained so until rendered void by appellants' failure to comply with a plain and mandatory condition. Moreover, the violation of the condition was not known to respondent when it issued the policy, and could not have been known, since it could not foresee that appellants would permit the property to remain vacant for more than ten days. Appellants insist that, by respondent's failure to inquire as to the vacancy, it occupies the same position in law as if it had inquired and ascertained the truth. It matters not to the respondent, however, what was the fact upon that subject. It was willing to insure the property, even though vacant, for a period of ten days, but for no longer time without its permission. It so provided in its contract. Appellants are chargeable with knowledge of the provision, and also that their property was vacant. They were therefore bound to know that the policy would become void after ten days, if the property still remained vacant. We think that, under the contract and attending facts, the judgment was right, and it is affirmed.

MOUNT, ANDERS, and DUNBAR, JJ., concur.