## Towles v. Cincinnati Tobacco Warehouse Company.

### (Decided January 17, 1912.)

### Appeal from Scott Circuit Court.

1. Instructions—Not Objected to—Bill of Exceptions.—An objection to an instruction upon appeal will not be considered where there was no objection to it in the trial court, nor can instructions be considered for any purpose where they are not made a part of the record by bill of exceptions.
2. Pleading—Demurrer.—A demurrer was properly sustained to a pleading which set up a new measure of damages which did not in any way conform to the evidence.

B. M. LEE for appellant.

BRADLEY & BRADLEY for appellee.

Opinion of the Court by Judge Settle—Affirming.

In this action appellant sought to recover of appellee damages on account of its failure to furnish him for buying tobacco all the money it agreed to furnish for that purpose. He gave appellee a mortgage on real estate and a quantity of tobacco to secure it in the loan. The damages claimed in the petition were the alleged profits appellant would have made on the tobacco he might have purchased, if appellee had furnished all the money promised by him.

The answer denied appellee's liability, set out certain conditions to be performed by appellant as the consideration for the loan, and his failure to perform them, which, it was alleged, compelled appellee to withhold $3,000.00 of the money it contracted to furnish appellant.

The answer also set up certain damages resulting from appellant's failure to comply with the conditions referred to, and was, as to this matter of damages, made a counterclaim.

The trial resulted in a verdict in favor of appellant

for one cent in damages, and of that verdict and the judgment entered thereon, he now complains.

Appellant complains of the instructions, which limited his recovery of damages to one cent. We cannot consider this complaint as the record fails to show that he objected to the instructions. Moreover, the instructions are not made a part of the record by a bill of exceptions, and for these reasons they cannot be considered by us for any purpose. City of Georgetown v. Ammerman, 143 Ky., 209.

Appellant's further complaint is that the circuit court erred in sustaining a demurrer to the second paragraph of his last amended petition. There was no error in this ruling. The amended petition in question was not filed until all the evidence was in. The second paragraph set up a new measure of damages which did not in any way conform to the proof, and as the case had been pending for a year, no reason was shown for not earlier filing the amendment, and appellee's objection to the filing of same should have been sustained. Having allowed the amendment to be filed the court did not err in sustaining the demurrer to its second paragraph.

The damages asserted in the amendment were the expense to which appellant claimed to have been put in renting a barn for storing tobacco and the loss he sustained by way of profits he would have made on crops planted and cultivated on his farm, but for his reliance upon being engaged in tobacco buying with the money he was to have been furnished by appellee, but which the latter did not furnish.

The damages thus asserted were not such as the parties contemplated would result from a breach of the contract made by them.

They were, therefore, purely speculative and not recoverable. The evidence failed to prove the damages claimed by appellee in the original and first amended petitions. On the record before us appellee's recovery should not have exceeded one cent. The pleadings support the judgment and it is, therefore, affirmed.