10207.  MAY *v.* GLOBE AND RUTGERS FIRE INSURANCE COMPANY.

Where a policy of fire-insurance on a building provided that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . if a building herein described, whether intended for occupancy by owner or tenant, be 'or become vacant or unoccupied and so remain for ten days," and it was not otherwise provided by indorsement or addition to the policy as stipulated therein, and the building was vacant for several months after the issuance of the policy and until the building was destroyed by fire, the policyholder was not entitled to recover for the loss. It made no difference that the vacancy existed at the time of the issuance of the policy and was then known to the insurer.

DECIDED JUNE 12, 1919.

Action on insurance policy; from Fulton superior court—Judge Pendleton. September 19, 1918.

*Colquitt & Conyers, Albert E. Mayer,* for plaintiff, cited: 134 *Ga.* 501; 133 *Ga.* 793; 132 *Ga.* 687; 97 *Ga.* 44; 3 Kan. 225 (44 Pac. 35); 157 N. W. 955 (Iowa); 44 Neb. 537 (62 N. W. 877); 176 Pa. 638; Civil Code (1910), § 2475; 3 *Ga. App.* 807; Id. 685; 104 *Ga.* 277.

*Moore & Pomeroy,* for defendant, cited: 18 *Ga. App.* 192; 16 *Ga. App.* 61; 17 *Ga. App.* 46-7; 106 *Ga.* 472; 108 *Ga.* 392; 132 *Ga.* 704; 4 L.R.A. 1137(3), s.c. 77 N.E. 493; 56 S.W. 264; 35 S.W. 26.

LUKE, J. This was an action on a policy of fire-insurance on a building. The policy provides, among other things, that "this entire policy, unless otherwise provided by agreement indorsed herein or added hereto, shall be void . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." The policy contained also a provision to the effect that no agent or officer of the insurance company should have power to waive any provision or condition of the policy unless the waiver should be written upon or attached to it. Liability was denied by the insurance company on the ground, among others, that the building was vacant and unoccupied, without its consent or knowledge, for more than ten days after the issuance of the policy, and so remained until the destruction of the building by fire. The plaintiff testified, as to the occupancy of the building: "There was a party in there; they moved in, but they never occupied it, and about the time the war broke out they couldn't go on, for the want of material at the time, and there was no chance for them to make good, and they didn't occupy it. They never moved in, but they had some fixtures in there, and they never moved them out; they never occupied it and they left it." It is conceded that at the time of issuance of the policy of insurance the building was vacant, and that it remained so until the fire, and the vacancy existed practically for six months from the date of the policy. The plaintiff contends that inasmuch as the property was vacant at the time of the issuance of the policy, the insurance company should be held to have waived the provision as to ten-days vacancy of the building. It is true that where facts which, under the terms of the policy,

would invalidate it are made known to the company at or prior to the issuance of the policy, they do not render it void. The policy in this case at the date of its issuance was not void because of the vacancy of the building, but when the building remained vacant and unoccupied for more than ten days before the fire (in this case nearly six months) the policy did become void; and the fact of vacancy of the building at the time of the issuance of the policy will not be held to be a waiver of the express terms of the contract of the insured and the insurer. The precise question raised in this case has never been passed upon by the Supreme Court or the Court of Appeals of this State, and in other jurisdictions the appellate courts differ on it, some holding with the contention of the plaintiff here, and some with the defendant. It seems to us that the best and safest rule is to hold that the express terms of the contract on the part of the insured should be complied with before liability should be adjudged under the insurer's promise of indemnity. If the plaintiff desired a modification of the policy, or a vacancy permit, it was within his power to seek it.

Upon the evidence submitted the court did not err in granting a nonsuit.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*