## · CHARLESTON.

B. R. Bias, Trustee, *v.* Globe & Rutgers Fire Ins. Co.

Submitted November 11, 1919.   Decided November 18, 1919.

1. Insurance—*Forfeiture Provisions; Reasonableness.*

   A covenant or stipulation in a policy of fire insurance that the entire policy shall be void in case the premises shall become vacant, and so remain longer than a certain period of time, is a reasonable and valid provision, and in case such insured premises are destroyed by fire while vacant, after having so remained for a longer time than allowed by the terms of the policy, the insured, in the absence of a waiver of such condition, will not be entitled to recover the indemnity provided in the policy.   (p. 136).

2. Same—*Conditions; Evidence of Waiver.*

   The waiver by the insurer of one of the conditions or warranties in a policy of insurance is not evidence that another condition or warranty therein contained is also waived. Ordinarily a condition, stipulation, or warranty contained in a policy of insurance applicable to the subject-matter can only be waived in the manner provided in the policy, or by some act or conduct upon the part of the insurer, after being informed of the facts constituting a breach of the warranty or stipulation, from which it may reasonably be inferred that such insurer intends the policy to remain in force notwithstanding such breach.   (p. 136).

3. Same—*Conditions; Waiver of Conditions Against Vacancy.*

   When a policy of fire insurance provides that the entire policy shall be void, unless otherwise provided by endorsement thereon or attached thereto, if the interest of the insured shall be other than that of unconditional sole ownership, or if

the property shall become vacant and unoccupied, and so remain for a period longer than ten days, an endorsement attached to said policy stating that the interest of the insured is that of fee simple in remainder, after a certain life estate therein mentioned, will not make inapplicable or waive the condition or warranty rendering the policy void in case the premises are vacant at the time of the fire, and had been so vacant for a longer period than that provided in the policy. p. 137).

Error to Circuit Court, Mingo County.

Action by B. R. Bias, trustee, against the Globe & Rutgers Fire Insurance Company.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Wade H. Bronson* and *Wiles & Bias;* for plaintiff in error.

*Goodykoontz & Scherr,* and *Sexton & Roberts,* for defendant in error.

Ritz, Judge:

On August 26, 1916, the defendant issued to the plaintiff a policy of fire insurance covering for one year a house in the city of Williamson, West Virginia, and providing for indemnity in the sum of fifteen hundred dollars.   The policy was issued on what is known as the New York Standard Form, and provides that the same shall be void, unless otherwise provided by agreement endorsed thereon or attached thereto, if the interest of the insured be other than unconditional sole ownership, and further that the said policy shall be void if the building described becomes vacant or unoccupied, and so remains for ten days. There are many other stipulations, conditions and warranties contained in the policy, but these are the ones that are particularly involved in this litigation.   The plaintiff owned the remainder in the property after the life estate of Sylvania Wolford, and for the purpose of showing his real interest in it an endorsement was attached to the policy as follows: "This policy covers the fee simple interest of B. R. Bias, Trustee, in the remainder of the property insured after the life estate of Sylvania Wolford in house and improvements on lot 7, block 13, Williamson, West Virginia."   At the time the policy was issued, and at the time of the fire, the life tenant was living. The house was destroyed by fire on the 19th of May, 1917.   It had

been vacant and unoccupied from the 23d of April, preceding. It is agreed that neither the insured nor the insurer knew that the premises were vacant during this period. Because of the fact that the house was vacant and unoccupied at the time of the fire, and had been so vacant and unoccupied for more than ten days, the insurer refused to pay the indemnity provided in the policy, and this suit was brought for the purpose of recovering the same.

It is very uniformly held that a condition or stipulation in a policy of fire insurance providing that the same shall be rendered void if the premises insured shall remain vacant and unoccupied for a specific length of time is a reasonable and binding condition, and should such premises be destroyed by fire while vacant and unoccupied, and after the same had so remained for a longer time than that provided in the policy, the insurer will be discharged from paying the indemnity therein provided. Joyce on Insurance, § 2229; II Cooley's Briefs on the Law of Insurance, p. 1652 &c.; 19 Cyc. 726; 14 R. C. L., Title, Insurance, § 281 &c. Indeed, it is not contended by the insured that this stipulation is not a reasonable and binding one, but he insists that when the company placed the endorsement thereon showing that he was the owner of the remainder after the life estate of Sylvania Wolford, it thereby had information that he was not entitled to the possession of the property, and could not control the same, and having this information it waived the condition in the policy requiring the premises to be occupied. His contention is that when the insurer wrote the policy with the knowledge that he was a remainderman, and did not have the right to the possession of the property, it thereby waived the performance upon his part of all promissory warranties which could only be performed by one having the possession, or the right to the possession, and because of the fact that only one having the possession, or the right to the possession, could control the occupancy of the premises, this condition avoiding the policy in case the same became vacant and unoccupied did not apply to the estate covered by this policy of insurance. Counsel in argument admit that they can find no authority on either side of this proposition, and after a careful search we are likewise unable to find any case directly in point,

or even any authority from which a reasonable analogy can be drawn. There are many cases which hold that where one insures his property and assigns the policy to a mortgagee, the mortgagee will not be permitted to collect the indemnity provided in the policy unless the owner could have collected it in case there had been no assignment, but these cases furnish no authority for the proposition here, for the reason that the estate insured in that class of cases is that of the owner, and the mortgagee is simply the party appointed to receive the money in case of loss. There is another class of cases which arise under what is known as the Union Mortgage Clause. This clause provides that the mortgagee to whom the policy is assigned is not to be affected by the defaults of any other party, and under such a provision it has been very uniformly held that the mortgagee could collect the insurance in a case in which the insured would be barred because of the breach of some condition on his part, but this right to recover is based upon the fact that by agreeing to that stipulation the insurer makes a new contract with the mortgagee agreeing with him to pay the indemnity, even though the insured should be guilty of a breach of some of the conditions of the policy, and the right to recover in these cases is based upon this special agreement. It has also been held that where a mortgagee insures his own interest in real estate as such he may recover upon the policy of insurance, notwithstanding the property may have been treated in such manner by the owner as to avoid the insurance if it had been procured by him. For instance, it is held that where a mortgagee insures his interest in real estate the policy will not be avoided because the owner of the equity of redemption sells or encumbers his interest, but this throws no light upon the question we have here, for the reason that the covenant in the policy is not against alienation of any interest except that which is insured, and so long as the interest insured is not alienated or encumbered that condition of the policy is not broken.

Can it be said that by placing the endorsement upon the policy above referred to the insurer in this case waived the condition in the policy relied upon to defeat recovery, or made that condition inapplicable to the estate insured? It must be borne in mind that there are many conditions and promissory warran-

ties contained in this policy, and if it should be held that by endorsing the policy so as to show the real interest of the insured the company thereby made inapplicable to the estate insured the condition avoiding it in case of vacancy, it would also make inapplicable the covenants and conditions in regard to the use of the premises for various purposes, such as having inflammables stored therein, or being occupied by certain kinds of businesses, or covenants in regard to other conditions which are required to be kept looking to greater safety from destruction by fire. None of these covenants would be applicable if the plaintiff's contention is correct. It cannot be contended that the endorsement expressly waives the performance of any of these conditions. In construing this endorsement we must bear in mind that there is a condition in the policy rendering it absolutely null and void if the interest of the insured is other than unconditional sole ownership, so that without this endorsement upon the policy it would have been void from the beginning. The insurance company was willing to accept the risk even though the interest of the insured was only a remainder, but can it be said that the obligation was not upon the insured to perform and keep all of the other covenants contained in the contract? . The policy contemplates that all of these conditions and stipulations shall be applicable unless otherwise provided by an endorsement attached to the policy, and it seems to us that it would be straining construction past the breaking point to say that by waiving one condition and stipulation the insurer thereby waived every other one in any wise connected with the one waived by the endorsement. It is true the insured did not have the possession or the right to the possession of the premises, but that does not make the covenant inapplicable. It simply made the right of the insured to recover depend upon what a third party might do with his property, and there is no reason why a contract depending for its validity upon such a contingency should not be held as binding as any other. The insured may not have as absolute protection as though he were in possession of the premises himself, but he is offered the protection provided by the policy so long as the premises are used and occupied in the manner that such property is ordinarily used by the owners thereof. It is not very different from the

case in which the insured has the premises leased and some of his tenants, without his knowledge and against his commands, violate some of the promissory warranties contained in the policy of insurance. It is uniformly held in such cases that the insured cannot recover even when such violations are entirely unknown to him. 19 Cyc. 727 and authorities there cited. As we said in the case of *Bond* v. *Ins. Company,* 77 W. Va. 736-750, the fact that the insurer waived one condition or stipulation in the policy of insurance does not necessarily mean that he waived another. The company may be entirely willing that one covenant or warranty shall not be applicable as between it and the insured, but it does not by waiving the performance of that condition or covenant upon the part of the insured make inapplicable any other covenant or condition contained in the policy which would, in the absence of such waiver, apply to the subject-matter of the insurance.

We are of opinion that the findings of the court below in favor of the defendant are correct, and the judgment rendered upon such findings will be affirmed.

*Affirmed.*