## Hack, et al. v. Lashley.

(Decided December 15, 1922.)

### Appeal from Edmonson Circuit Court.

1. Interest—Time and Computation—Verdict.—It is proper for the court in its judgment to allow interest on the verdict from the date of the maturity of the obligation sued on' though the verdict was silent on the question of interest, since interest goes from the maturity of the obligation as a matter of law.

2. Appeal and Error—Reversal of Judgment—Avowal.—A judgment will not be reversed because of error in sustaining an objection to a competent question unless an avowal be made as to what the witness would answer.

3. Judgment—Notwithstanding Verdict—Waiver.—A litigant is not entitled as a matter of law to a judgment notwithstanding the verdict and will not be granted the relief, even where the record would authorize it, unless he demands it in some of the ways known to the admissible practice. If he fails to do so the question will be considered as waived.

MILTON CLARK for appellants.

RODES & HARLIN, B. T. ROUNDTREE and JOHN B. RODES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellee and plaintiff below, P. V. Lashley, brought this action against appellants and defendants below, J. P. Hack and others, to recover judgment on a note which the latter executed and delivered to him on September 17, 1919, agreeing and promising to pay him on November 1, thereafter, the sum of $500.00. The answer admitted the execution of the note, but averred that it was executed in payment of a second hand Ford automobile, and that plaintiff falsely and fraudulently represented it to be practically new; that it had not been used but nine months and was in perfect running condition, when in truth and in fact it had been used for two years and

parts of its machinery, particularly the engine, were burnt out or practically so and the automobile was worthless, and which facts were unknown to defendants but were known to plaintiff; and that the principal in the note was fraudulently deceived into executing it. A jury trial resulted in a verdict for plaintiff followed by a judgment in his favor for the amount of the note with interest, which the court declined to set aside on motion for a new trial and defendants have appealed.

A number of grounds are set out in the motion for a new trial, but on this appeal only three points are argued for reversal, which are: That the jury did not say in its verdict from what time interest should be calculated and, therefore, the court was without authority to adjudge interest from the maturity of the note, but should have allowed it only from the date of the verdict. There was no issue in the pleading as to the date from which interest should run; the only issue was debt or no debt, and when that was determined in favor of plaintiff he was entitled to interest from the date when his valid note, as found by the jury, became due, and there is no merit whatever in this connection.

The next point argued is, that the court erred in sustaining an objection to a question propounded to S. M. Davis, one of the defendants. Witness was asked what would be the difference in value of an automobile which had been used two years and one that had been in use for only one year. The court for some reason, not shown by the record, sustained an objection to that question, but there was no avowal made as to what the witness would answer, and it is elementary that unless an avowal is made the error in rejecting the testimony can not be considered on appeal. The rule of practice is so universally followed that we will not encumber the opinion with cases and authorities supporting it.

The next and last point discussed in brief of appellant's counsel is, that defendants were entitled to a judgment notwithstanding the verdict, because no reply was filed to the answer and the transcript in this court contains no order controverting that pleading of record, though we are informed in brief for appellee that such an order was made in the court below and appears of record therein, but we can not on this appeal take cognizance of that fact. Under the condition of the record, as

transcribed, defendants were entitled to a judgment *non obstante veredicto,* but it is not the duty of the court to so reward a litigant on its own motion. To be entitled to it he must request it in some of the modes known to the practice and if he fails to do so the right will be waived. Louisville & Nashville R. R. Co. v. Copas, 95 Ky. 460; Same v. Paynter, 26 Ky. L. R. 761; Schulte v. Louisville & Nashville R. R. Co., 128 Ky. 633; Louisville & Nashville R. R. Co. v. Lawes, 21 Ky. L. R. 1793, and Louisville Ry. Co. v. Hibbett, 139 Ky. 43. Defendants did not ask for a judgment notwithstanding the verdict, nor did they in any other way seek to take advantage of their uncontroverted answer, and it is too late now to undertake to raise the question.

Wherefore, the judgment is affirmed.