# Westchester Fire Insurance Company v. Crume.

(Decided March 23, 1928.)

## Appeal from Nelson Circuit Court.

1.  Insurance.—In action on fire insurance policy, which was void if building insured be vacant or unoccupied for period of ten days, submitting issue whether house insured was vacant for ten days before fire was not error, where defendant's evidence to sustain its burden of proof did not establish that house was vacant when it was destroyed by fire.

2.  Insurance.—The meaning of the words "vacant and unoccupied" in a policy of insurance is a question of law, but whether the building insured was at the time of a loss vacant and unoccupied within meaning of the policy is a question of fact.

3.  Trial.—If inferences may be drawn from the facts shown to support a cause of action, or establish a defense, the issue must be submitted to the jury.

4.  Appeal and Error.—Where there is no avowal as to what answer witness would make if he had been permitted to answer question, alleged error in sustaining objection to question cannot be reviewed.

FRANK M. DRAKE and FULTON & FULTON for appellant.

OSSO W. STANLEY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

W. E. Crume sued the Westchester Fire Insurance Company upon a fire insurance policy to recover $800 for the loss of the insured property. The insurance company interposed as a defense the violation of a condition subsequent contained in the policy to the effect that it should be void if the building be vacant or unoccupied for a period of ten days. Plaintiff denied any breach of the condition. A trial by jury resulted in a verdict for the plaintiff for the sum claimed. There is no complaint of the instructions. The only questions raised upon this appeal by the company are whether the court should have instructed the jury to find for the defendant, and whether the court should have permitted plaintiff to answer certain questions propounded to him upon cross-examination.

The validity of the condition respecting the vacancy of the property for a period of ten days is admitted (Thomas v. Hartford Fire Insurance Co., 56 S. W. 264,

21 Ky. Law Rep. 1139) ; but it is insisted it was not violated in this instance.

The defendant asked and was awarded the burden of proof. It introduced only two witnesses, one of whom lived about a half mile from the insured property, but not in sight of it. He had not seen the property for a year before the fire, and did not know whether it was occupied or vacant. In answer to a direct question whether any one lived at the place at the time of the fire he answered that he did not know, because he had not been around there. He knew a man named Hinton and another named Shoemaker, both of whom had lived in the house that was destroyed by fire. He had heard of the fire, but had no occasion to go about the property or near it in passing to or from his home.

The other witness lived about the same distance from the property destroyed by fire and could see it in the winter when the leaves were off the trees, but in the summer, when the fire occurred, the dwelling could not be seen from where she resided. She stated that at the time of the fire she did not know whether or not any one was living in the house. She stated that Hinton and Shoemaker had formerly lived there. The road to her house does not go near the house that was burned, and she had not observed whether anybody lived in it or not. In response to the inquiry whether anybody had lived in that house within six months before the fire, she stated that she did not know, but thought so. This is all the testimony for the defendant. It is clear that such testimony wholly failed to establish that the house was vacant or unoccupied when it was destroyed by the fire.

The plaintiff is a practicing physician, 79 years old, residing in Bardstown, and for many years had owned a farm of 59 acres, on which the insured house was situated. It was located in a remote part of Nelson county, and he had not been out there for three years. The farmhouse had been insured for three years, which expired in 1925, and was reinsured for an additional three years. The property was leased by written contract to one Jadson Wright, who had paid $150 rent in advance, receipt of which was acknowledged in the lease. The written lease was introduced in evidence. It was dated February 10, 1926, and let the property to Wright until January 1, 1927. The fire occurred in May, 1926. Plaintiff thought the tenant was living on the property. He had no knowledge to the contrary, and there was nothing

shown which would impose upon him any duty of ascertaining that fact. He heard of the fire about a week after it happened, and learned that some ploughing had been done on the premises, but had not seen Wright since the fire.

The issues were made up and the case set for trial, when the plaintiff had a subpoena issued for Wright, but it was not served, and he was not present at the trial. Neither party made any effort to delay the hearing until the testimony of Wright could be obtained. It appeared by stipulation that the contract was written by Miss Marjorie Thompson on the date named therein, and was then signed by Dr. Crume and the tenant.

Upon this evidence it is argued that the property was vacant and unoccupied for ten days prior to the fire. We cannot so construe the evidence. It is entirely consistent with the occupancy of the house by the tenant. He had the right of occupancy, and no one in position to know gave any testimony that he was not in fact exercising his right. The meaning of the words "vacant and unoccupied" in a policy of insurance is a question of law; but whether a building was at the time of a loss vacant and unoccupied within the meaning of the policy is a question of fact. 26 C. J. 553; Home Insurance Co. v. Mendenhall, 164 Ill. 458, 45 N. E. 1078, 36 L. R. A. 374.

The utmost right of appellant in this case was to have the jury determine from the vague and unsatisfactory evidence offered whether the condition was in fact violated. If inferences may be drawn from the facts shown to support a cause of action, or establish a defense, the issue must be submitted to the jury. Ky. T. & T. Co. v. Wilson, 165 Ky. 123, 176 S. W. 991; Adams v. Simpson, 103 S. W. 247, 31 Ky. Law Rep. 604; Louisville Ry. Co. v. Buckner's Adm'r (Ky.) 113 S. W. 90; Switchmen's Union v. Johnson, 105 S. W. 1193, 32 Ky. Law Rep. 583.

It is clear there was no error against appellant in submitting this case to the jury on the evidence adduced.

Appellant insists that the court erred in sustaining an objection to a question asked the plaintiff on cross-examination as to where the tenant lived, and a like ruling on a question as to whether he knew of anybody in the neighborhood who knew or claimed to know whether anybody was living in the house. There was no avowal as to what answer the witness would make if he had been permitted to answer the question. In the absence of such

an avowal no error in the trial court's ruling is available for review in this court. Hack v. Lashley, 197 Ky. 117, 245 S. W. 851; Hostetter v. Green, 150 Ky. 551, 150 S. W. 652; May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074.

A careful examination of this record has disclosed no error of the trial court prejudicial to the substantial rights of the appellant.

The judgment is affirmed.