## York et al. v. Pike County et al.

(Decided December 7, 1928.)

### Appeal from Pike Circuit Court.

1. Highways.—Prudent construction of highway did not turn on quantity of water thrown on plaintiffs' farm, but on what was necessary to properly and prudently drain highway.

2. Appeal and Error.—Where instruction refused did not appear in bill of exceptions or in rest of record, appellate court could not consider complaint that court erred in declining to give instruction.

3. Appeal and Error.—Where no avowals were made, contention that court erred in not permitting plaintiffs to answer certain questions cannot be considered on appeal.

4. Appeal and Error.—In action for damages caused by imprudent drainage of road and for damage from rocks thrown on farm in construction of road, permitting engineer to state, in answer to question whether road had been prudently constructed, "Yes, sir," held harmless, where witness had given in detail all reasons for conclusion which he had reached.

STRATTON & STEPHENSON for appellants.

ZACH JUSTICE, ROSCOE VANOVER and HARMON, FRANCIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellants, who were the plaintiffs below, own a large tract of land on the Sandy river south of Pike-

ville between Pikeville and Shelbiana. In 1923, the state highway department decided to run the Mayo Trail through this farm. As the appellants were unwilling to donate the necessary ground for that purpose, and as they were unable to agree with the proper authorities on the amount they should be paid for such ground, condemnation proceedings were instituted in the Pike county court, and by the judgment of that court the appellants were paid $3,200 by Pike county for the necessary right of way, and for such damages as might be occasioned to the rest of the farm by the prudent construction of the highway. Thereafter the state highway department entered into a contract with the appellee, Sutton Construction Company, for the grading and draining of a section of the Mayo Trail, part of which passed through appellants' farm. Under that contract the appellee Sutton Construction Company did grade and drain the road where it ran through the appellants' farm. After the work was completed, this suit was brought by the appellants against Pike county and the Sutton Construction Company for damages which they claimed had been done their farm by reason of the improper and imprudent drainage of the road which caused, in rainy weather, large quantities of water to be cast in streams upon their farm. The appellants also alleged that in the construction of the road a great deal of rock and other debris had been thrown upon their farm by the Sutton Construction Company. On the trial, the jury found for the defendants, now appellees, and from the judgment entered on that verdict, this appeal is prosecuted.

It is earnestly insisted for the appellee Pike county that its demurrer to the petition should have been sustained, and, failing this, that its motion for a peremptory instruction should have been, because when Pike county had paid for the right of way through appellants' farm, as was its duty under the statutes regulating the construction of state highways, it had discharged every obligation it was under with regard to this highway, and that thereafter the highway passed into the control and management of the state highway department, which alone was responsible, if any one was responsible, for its construction. There is much merit in this contention of Pike county, but inasmuch as the jury found for Pike county on the facts of this case, and inasmuch as we think that even under the appellants' theory of the law such finding of facts was well warranted by the evidence, we

may solely for the purpose of this case disregard this contention of Pike county and assume the appellants' theory to be the correct one.

Counsel for appellants have in their brief ignored that part of our rules requiring a statement of the points and authorities upon which their brief rests, and we have thus been somewhat handicapped at getting at the exact grounds relied upon for reversal. However, we gather from the brief that the appellants contend: First, that the verdict is flagrantly against the evidence; secondly, that the court erred in refusing an instruction offered by them; and, thirdly, that the court erred in the admission and rejection of testimony.

It was the appellants' idea in this case that the amount awarded them in the condemnation proceedings covered only such damages done the remainder of their farm, after the strip on which the road was to be located had been taken, as would arise from the prudent and careful construction of the proposed highway; that as constructed the highway was drained in such a manner as to throw upon their farm in rainy weather large streams of water which prior to the construction of the road had been evenly distributed over a larger area, thus avoiding the washing which a stream of water will cause; that, because of this fact, it followed that the highway had not been prudently constructed, and that therefore they were entitled to damages. Of course, it does not necessarily follow that because appellants' farm was thus damaged, the highway was not properly constructed. It may have been quite necessary to properly grade and drain the highway for the drainage to have been arranged as it was, and if the appellants' farm was damaged by such system of drainage, even on their own theory, they had been paid for such damage in the condemnation proceedings. Looking to the record, we find that the great preponderance of the evidence is to the effect that it was necessary to the proper construction of this highway that the drains be put under it as they were, and that the drainage system be arranged as it was. Although it is true that a lot of water was thus thrown in streams upon the appellants' farm, yet as the prudent construction of the highway did not turn on the quantity of water thrown upon their farm, but on what was necessary to properly and prudently drain the highway, it follows that the jury was well warranted in its finding for the appellees on this question.

So far as any rock or debris being thrown on the appellants' land is concerned, the evidence was in dispute as to whether the land on which the rock and debris were thrown was within the right of way of the highway or upon the appellants' land. The jury's finding that it was within the right of way cannot be said to be flagrantly against the evidence.

Coming now to the complaint that the court erred in declining to give an instruction offered by the appellants, we have searched the bill of exceptions as well as the rest of the record in vain for any such instruction. It is obvious that under such circumstances we cannot consider this complaint of the appellant. Cf. Towles v. Cincinnati Tobacco Warehouse Co., 146 Ky. 301, 142 S. W. 401.

As to the last contention of the appellants bearing on the introduction of testimony, the first complaint in this connection is that the appellants were not permitted to answer certain questions relating to the value of their farm, and the damage done it by reason of the overflow. As no avowals were made, we cannot consider such contention. Hack v. Lashley, 197 Ky. 117, 245 S. W. 851. The next complaint is that one of the witnesses for the appellees, an engineer, was permitted to state, in answer to a question whether or not the road had been prudently constructed, "Yes, sir." Conceding without deciding that this was a matter concerning which opinion evidence could not be received, yet we find that the witness had given to the jury in detail all the reasons for the conclusion which he had reached, and so it is obvious that his being permitted to give such opinion was not prejudicial to the appellants.

Finding no prejudicial error, the judgment is affirmed.