HOME INS. CO. *v.* HARDIN.

(Division B. Feb. 15, 1932.)

[139 So. 603. No. 29838.]

**Wells, Jones, Wells & Lipscomb**, of Jackson, for appellant.

Creekmore & Creekmore, of Jackson, for appellee.

Argued orally by **L. Barrett Jones**, for appellant and by **Wade Creekmore**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee recovered judgment against appellant upon a policy of fire insurance covering a dwelling house owned by appellee, which was destroyed by fire on January 17, 1931. The policy contained the following provision: "If any of the buildings described are now vacant, unoccupied or uninhabited or shall become vacant, unoccupied or uninhabited and so remain for a period exceeding ten days, without written consent hereon, then in each and every one of the above cases this policy shall be null and void."

When the policy was written and delivered, the house was occupied by a tenant. The tenant wholly removed from the premises on December 29, 1930, and the dwelling remained vacant and unoccupied from that day until the time of the fire. The insured owner did not learn of the vacancy until January 13, 1931, and on that day he contracted with another tenant to occupy the premises, but, before the new tenant had actually moved into the

dwelling, or had accomplished the occupancy, the fire occurred which destroyed the property.

It is the contention of appellee that, when the policy of insurance was issued, the insurer knew that the property was occupied by a tenant; that it was, and would continue to be, rental property; that, as an incident thereto, the insurer contemplated that the property would likely be vacated by a tenant; and that the owner would require a reasonable time to obtain knowledge of the vacancy and to secure a new tenant. The argument is, in effect, that the quoted stipulation in the policy is inconsistent with the known situation and incompatible with the objects of the insurance as applied to that known situation; that therefore the court should hold that, in spite of the plain and unambiguous terms of the policy, the insured would have a reasonable time to ascertain that the tenant had vacated the premises and a further reasonable time to install another tenant in the occupancy.

We cannot accede to this argument of appellee, and thereby rewrite this policy of insurance so as to make a different contract than that made by the parties. Nor do we regard it as just that we should do so, even if within our power. It is a matter of common knowledge that the hazard of fire is much greater when dwelling houses are vacant and unoccupied, especially when situated in the country, as was this property. The reasons for this increased danger are several, and each is obvious. Because thereof it is expected that fire insurance policies will carry some reasonable stipulation against vacancies, and that those reasonable stipulations will be enforced substantially as written, else the result would eventually be an increase of premium costs, to some extent at least, upon those who occupy their property and give it watchful care.

The authorities are, therefore, in substantial accord that a provision in a fire insurance policy to the effect that the same shall be void, if the insured premises shall remain vacant and unoccupied for a period of more than ten days, is a reasonable and a binding condition; and there can be no recovery if, after said period, the property while still vacant and unoccupied, is destroyed by fire. See Bias v. Globe Ins. Co., 85 W. Va. 134, 101 S. E. 247, 8 A. L. R. 373, and authorities therein cited. And, in order that the stipulation shall be effective, as written, it is the prevailing view that the knowledge of the insurer as to the vacancy is immaterial; nor is it material that the insured has in good faith and with due diligence attempted to keep the premises occupied. 3 Cooley's Briefs on Insurance (2 Ed.), p. 2595; 14 R. C. L. 1103.

We think the case is substantially covered by the holding of the court in Home Ins. Co. v. Scales, 71 Miss. 975, 15 So. 134, 42 Am. St. Rep. 512, but, if not so covered therein, it is certain that everything we have above said was distinctly foreshadowed by the opinion in that case. There is no dispute in the record as to the facts. It becomes our duty therefore to render final judgment here.

Reversed, and judgment here for appellant.