## Conley v. Queen Insurance Co. of America.

(Decided Dec. 4, 1934.)

J. E. PLUMMER for appellant.

HORACE W. ROOT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The construction and application of a vacancy clause contained in an insurance policy in the light of the developed facts are required by this appeal. It reads:

"Permission granted for the within described premises to be and remain vacant for a period not exceeding sixty (60) days at any one time, the term 'vacant' being construed to mean an empty building devoid of personal habitation; or to be and remain unoccupied for a period not exceeding six (6) months at any one time, the term 'unoccupied' being construed to mean a building that is entirely furnished, but with personal habitants temporarily absent. * * * If this form is attached to a fire policy, and premises are vacant for a period exceeding sixty (60) days or unoccupied for a period exceeding six (6) months, at any one time, this policy is void unless a special form of permission therefor is attached hereto."

The validity of the condition respecting the vacancy of property for a definite number of days is admitted in Thomas, Trustee, v. Hartford Fire Ins. Co., 56 S. W. 264, 21 Ky. Law Rep. 1139; Westchester Fire Ins. Co. v. Crume, 223 Ky. 707, 4 S. W. (2d) 716; Continental Ins. Co. of N. Y. v. Dunning, 249 Ky. 234, 60 S. W. (2d) 577. The condition is inserted in the policy for the benefit of the insurer and may be waived by it or its authorized agent, or it may become estopped to set up a breach, either by declarations, acts, or omissions, dispensing with the performance of, or compliance with, the condition, or by statements or acts which constitute a waiver of a forfeiture, incurred as the consequences of false statement or breach of condition, so as to estop it from setting up either as a defense to an action upon the policy.

> "If, however, it is conditioned to be void if the premises be, or become vacant, or unoccupied, and so remain for a specified period, the issuance of a policy upon unoccupied premises is not a waiver of the condition, since by the term of the contract, the insured is bound to have them occupied within the specified period, unless the property be such the parties must have contemplated that it would not be ocupied for some time, as where the insurance is upon a building under course of construction, or where it is insured as vacant property, or so occupied as to breach the policy condition."

4 Couch on Insurance, sec. 9700 p. 3438; Thomas, Trustee, v. Hartford Fire Ins. Co., supra; Queen Ins. Co. of Liverpool, Eng. v. Kline & Sons, 32 S. W. 214, 17 Ky. Law Rep. 619; May v. Globe & R. Ins. Co., 23 Ga. App. 798, 99 S. E. 631; Conn. Fire Ins. Co. v. Tilley, 88 Va. 1024, 14 S. E. 851, 29 Am. St. Rep. 770; England v. Westchester Fire Ins. Co., 81 Wis. 583, 51 N. W. 954, 29 Am. St. Rep. 917; Dodge v. Grain S. M. Fire Ins. Ass'n, 176 Iowa, 316, 157 N. W. 955; Maxwell v. York Mut. Fire Ins. Co., 114 Me. 170, 95 A. 877.

There are cases holding that, if the property is insured with knowledge of the insurer or its agent at the time the policy was issued, it is vacant or unoccupied, the insurer cannot insist upon that condition of the policy to defeat payment after loss because the premises were vacant or unoccupied and so continued until the time of the loss, even though the policy should contain the condition that it should be void if it became vacant

beyond a specified time. See Milwaukee Mechanics' Ins. Co. v. Brown, 3 Kan. App. 225, 44 P. 35. The court in this case quoted and adopted the reasons assigned in Devine v. Home Ins. Co., 32 Wis. 471. The Devine Case seems to have been overruled in England v. Westchester Fire Ins. Co., supra.

There are others holding that, where the premises are insured with the insurer's or its agent's knowledge that they are vacant or unoccupied, this will not waive a condition making the policy unenforceable, if the premises be, or become, vacant, or unoccupied, and so remain for a specified period. Addia v. Globe & R. Fire Ins. Co., 97 W. Va. 443, 125 S. E. 161; Home Ins. Co. v. Hardin, 162 Miss. 254, 139 So. 603; Bias v. Globe & Rutgers Fire Ins. Co., 85 W. Va. 134, 101 S. E. 247, 8 A. L. R. 373; Cooley's Briefs on Insurance (2d Ed.) page 2695; 14 R. C. L., page 1103; Home Ins. Co. v. Scales, 71 Miss. 975, 15 So. 134, 42 Am. St. Rep. 512; Servais v. Shelby Farmers' Mut. Fire Ins. Co., 194 Wis. 325, 216 N. W. 654, 655; Harper v. Stoddard County Mut. Fire Ins. Co. (Mo. App.) 51 S. W. (2d) 534; Republic Ins. Co. v. Dickson (Tex. Civ. App.) 69 S. W. (2d) 599; Thomas, Trustee, v. Hartford Fire Ins. Co., supra.

In those jurisdictions where the latter rule prevails, the holder of a fire policy containing the clause conditioned that it shall be void if the insured's premises "be and remain vacant for a period not exceeding a certain number of days" is chargeable with knowledge of, and bound by, the terms of the policy containing such clause. Harper v. Stoddard County Mut. Fire Ins. Co., supra.

The prevailing view is that the knowledge of the insurance company of the vacancy of the property at the time of the issuance of the policy is immaterial. Home Ins. Co. v. Hardin, supra; Cooley's Briefs on Insurance (2d Ed.) page 2695; 14 R. C. L. page 1103; Thomas, Trustee, v. Hartford Fire Ins. Co., supra. Of course, where the policy is issued on vacant or unoccupied property with that knowledge and upon an agreement or with the expectation on the part of the insurer and the insured that the property is to remain vacant, the clause against vacancy is deemed waived. Bakhaus v. Caledonian Ins. Co., 112 Md. 679, 77 A. 310; Addia v. Globe & R. Fire Ins. Co., and Thomas, Trustee, v. Hartford Fire Ins. Co., supra.

Where the property is vacant at the time of the is-

suance of the policy, though its vacancy is known to the insurer or its agent at that time, in the absence of an agreement of the insurer and the insured, or of evidence of an expectation on their part that it shall remain vacant during or beyond the vacancy period permitted by the policy, there is an implied promise on the part of the insured to comply with the policy relative to the vacancy or nonoccupancy previous to the fire. See cases, supra.

In Thomas, Trustee, v. Hartford Fire Ins. Co., 53 S. W. 297, 298, 21 Ky. Law Rep. 914, the policy contained a clause providing that, if the property covered by it "be unoccupied for more than ten consecutive days," it "shall be void, unless otherwise provided by agreement indorsed thereon." There was nothing to show that the company or its agent knew that the premises were vacant at the date of the policy, and, in the language of our opinion, "they did not care whether or not the premises were vacant." On a petition for rehearing, reported at page 1140 of 21 Ky. Law Rep., 56 S. W. 264, our conclusion was stated in this language:

"The provision in this policy that, 'if the premises described in this policy be unoccupied for more than ten consecutive days, * * * this policy shall be void, unless otherwise provided by agreement indorsed thereon,' is not a provision as to the status of the property at that time, but a provision in futuro that if, during the period covered by the policy, the premises should be unoccupied for more than 10 consecutive days, the policy should become void. There was no existing status to waive. The policy, when issued, was perfectly valid, and continued valid until after the expiration of the 10-days' vacancy. Under the terms of this policy, it made no difference whether the house was vacant when the policy was issued or not. The contract was that it should not thereafter be vacant for more than 10 consecutive days. * * * The stipulation simply provided for a contingency, in the event of which the policy should become void. The contingency occurred, and the policy became void."

Our pronouncement in the Thomas Case is in accord with the majority of the courts of foreign jurisdiction. And we conceive of no reason for departing from it in this case, unless Conley's petition alleges, and the

evidence in support thereof establishes, a waiver within the meaning of this term as it is generally used in such cases.

The Queen Insurance Company quoted and relied upon in its answer the vacancy clause contained in its policy as a bar of a recovery. In avoidance thereof, Conley alleged in her reply that the agents of the insurer "delivered the policy, collected the premium thereon and waived the condition of the policy." Following this allegation, she charges that, on the 2d day of February, 1931, the policy was delivered to her when she informed its agent that the property was vacant, and that "said agent said all right," and did not ask or require her to take out a vacancy permit or inform her that, if she did not take out a vacancy permit, the policy would be void. She admitted in her reply that the property was "vacant for a period exceeding sixty days and the same was vacant for a period longer than six months," allowed by the terms of the policy, but charges the agent had knowledge of the vacancy during that period and acquiesced in her violation of the terms of the policy. By a rejoinder, her reply was traversed. On the testimony of herself and witnesses, a verdict was directed for the company.

Only Conley testified concerning the procurement of the policy and the alleged knowledge of the agent of the company. The property covered by the policy was a five-room frame residence on Cottage avenue, in Latonia, Ky. It was insured for $3,000 for a period of five years beginning the 2d day of February, 1931, and ending the same day in February, 1936. She paid a premium of $36.60 by check dated January 27, 1931. She informed the agent the property was vacant and that she wanted to sell it. His response was, she claims, "All right." On the 6th day of April, 1932, it was totally destroyed by fire. A young man brought her the policy, stating that he was from McAtee, Lee & Bullock's office and represented the Queen Insurance Company. It was at night and dark when he delivered the policy to her, when she claims she told him about the house being vacant and she wanted to sell it and he responded, "Probably, we could sell it." The property was rented and occupied by a tenant during a portion of the time covered by the policy; the exact time it was occupied by the tenant is not disclosed by the evidence. When asked what the agent of the insurance company

said to her at the time she informed him of the vacancy of the property, her response was, "I told him the house was vacant and he did not say it would be all right; but just gave me the policy."

Measuring these facts by the principles we have reiterated, it is very plain no such facts were either alleged or proven as constitutes a waiver of the vacancy clause as it is contained in the policy. It is argued that the insurer retained and has the paid premium, and such action on its part constituted a waiver of the vacancy clause. We cannot concur in this argument. See Phoenix Ins. Co. v. Stevenson, 78 Ky. 150; Home Ins. Co. of N. Y. v. Myers, 111 S. W. 289, 33 Ky. Law Rep. 790.

The burden of proof was on Conley to establish a waiver of the vacancy clause. She failed to prove facts constituting a waiver. Svea Fire & Life Ins. Co. v. Foxwell et al., 234 Ky. 95, 27 S. W. (2d) 675.

It is apparent it is our conclusion the court properly directed a verdict for the insurance company.

Wherefore the judgment is affirmed.