DAVID W. WELLS AND WIFE, NANCY WELLS v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 793SC25

(Filed 16 October 1979)

Insurance § 128— fire insurance policy—vacancy of rental property—vacancy clause in policy waived

A rental house owned by plaintiffs and insured by defendant was vacant, and a violation of the sixty and ninety-day unoccupancy/vacancy clauses of the insurance policy existed on the date of the fire destroying the house, even though the house had been occupied for three months during the period of the

policy and had been used one night for a party approximately seven weeks before the fire, but defendant waived the unoccupancy/vacancy clauses where the house was unoccupied at the time of issuance of the policy and insurer's agent was so advised; occasional occupancy and consecutive occasional vacancies did not destroy the right to recover, although no notice of such vacancies was given by the insured to the insurer; the insurance agent received premiums from the insured from out of state; and when the insurer's agent visited the premises during the year that the policy was last renewed, he could find no one occupying the building.

APPEAL by defendant from *Reid, Judge.* Judgment entered 5 September 1978 in Superior Court, CARTERET County. Heard in the Court of Appeals 20 September 1979.

Plaintiffs, who are husband and wife, purchased a dwelling near their residence for the acknowledged purpose of renting the house and insured the dwelling with the defendant in 1970 for a three-year term. The policy contained the usual sixty and, in addition, a ninety-day unoccupancy/vacancy clause. Coverage was renewed for an additional three-year term with the same defendant in 1973.

Plaintiffs presented evidence that the defendant through its agent, Mr. Barfield, was informed at the time the 1973 policy was issued that the building was vacant. Mrs. Wells, one of the plaintiffs, testified that she told Mr. Barfield that she would be joining her husband while he was out of state; that the house would be vacant for long periods of time; that she asked Mr. Barfield if her insurance would be good without anyone living in the house, seeing as how it was empty at that time; and that Mr. Barfield told her that as long as she had someone to ride by once a month and check the insured premises, the insurance would be good.

While the plaintiffs were out of state, the house had been rented. There were times when the premium notices were mailed by the defendant to the plaintiffs out of state.

In 1976, insurance on the house was again renewed by the defendant for a three-year period. Shortly thereafter, the plaintiffs moved into the house and remained there for approximately three months. Likewise, a daughter of the plaintiffs had a pajama party in the house on 13 August 1977.

The insured dwelling was destroyed by fire on 7 October 1977. Defendant pleaded as a defense violations of the sixty and

ninety-day unoccupancy/vacancy provisions of the policy. Plaintiffs contended (a) that the unoccupancy/vacancy provisions of the policy had not been violated; and, (b) if violated, which plaintiffs denied, the defendant had waived those policy provisions and was estopped from asserting the same.

Two issues were submitted to the jury and answered as follows:

1. On 29 May 1976, the date of renewal of the policy, was the defendant insurance company on notice that the insured dwelling house was unoccupied?

   Answer: Yes.

2. Was the tenant house unoccupied for more than ninety days immediately prior to 7 October 1977, the day of the fire?

   Answer: No.

Judgment was entered for the plaintiffs, and defendant appealed.

*Nelson W. Taylor III, for plaintiff appellees.*

*Hamilton, Bailey & Coyne, by H. Buckmaster Coyne, Jr., for defendant appellant.*

HILL, Judge.

Although 21 exceptions were taken by the defendant, only six questions were brought forward. Of these, the principal question is whether or not the defendant had waived the sixty and ninety-day unoccupancy/vacancy clauses of the policy. The jury, by its verdict, so found, and we must decide if the matter as a matter of law should have been permitted to go to the jury.

In looking to the questions of whether or not the unoccupancy vacancy clauses—both sixty and ninety days—were violated, it appears that a violation was in existence at the date of the fire.

In the case of *Firefighters Club v. Casualty Co.,* 259 N.C. 582, 131 S.E. 2d 430 (1963), it is said that "occupancy" must be construed with reference to the type of property insured and the use intended. "The term 'occupied' implies a continuing tenure for a

period of greater or less duration, and does not embrace a mere transient or trivial use. *Society of Cincinnati v. Exeter*, 92 N.H. 348, 31 A. 2d 52 (1943); *Lacy v. Green*, 84 Pa. 514 (1877). A building is occupied when it is put to a practical and substantial use for the purposes for which it is designed. See 67 C.J.S. 84." *Firefighters Club v. Casualty Co., supra*, at p. 589.

This property was purchased as a tenant house and as rental property. Thus, the use contemplated by the plaintiffs was habitation by tenants or certainly more than a mere transient or trivial use such as when the premises were used for a pajama party, or even a casual inspection of the house.

The question then arises as to whether or not the company by the information received through its agent and actions on its part waived the unoccupancy/vacancy clauses. We hold so.

*Firefighters Club v. Casualty Co., supra*, points out three theories among the courts as to waivers of unoccupancy/vacancy clauses:

1. Some courts hold that a vacancy known to the insurer when it issues the policy constitutes the waiver of the policy provision with respect to that vacancy. *Bledsoe v. Farm Bureau Mutual Insurance Company*, 341 S.W. 2d 626 (1960).

2. A few cases hold that a waiver created by knowledge of an existing vacancy is not limited to that vacancy, but to any subsequent vacancy which may occur during the life of the policy. See *McKinney v. Providence Washington Insurance Company*, 144 W.V. 559, 109 S.E. 2d 480 (1959).

3. Other courts, recognizing the recent change in policy provisions which merely suspend the insurance during a non-permitted vacancy, hold that a vacancy existing at the time that the insurance issues is not a waiver of the policy provisions. The insured has such time as may be fixed by the policy and endorsements in which to occupy the property. *Conley v. Queen Insurance Company*, 76 S.W. 2d 906, 256 Ky. 602, 96 A.L.R. 1255 (1934).

The *Conley* case goes on to say that where the policy is issued on vacant property with the expectation that the property is to remain vacant, the clause against vacancy is deemed waived.

In the instant case, the agent clearly had knowledge of the vacancy of the property prior to issuance of the policy in 1973. There is no question but that the knowledge of the agent is imputed to the company and is a waiver of the vacancy or unoccupancy provision at that time.

> If the insurer or its agent has knowledge at the time the contract of insurance is effected that the premises are vacant or unoccupied, the issuance of the policy waives any provisions or conditions as to the vacancy or unoccupancy. 8 Couch on Insurance 2d § 37:876. (Citing many authorities.)

Admittedly, since the issuance of the policy in 1973, the premises were occupied from time to time and unoccupied at other times. Does this fact waive or revoke the waiver? The law seems to be that where the property was insured at the time it was vacant, occasional occupancy and consecutive occasional vacancies do not destroy the right to recover, although no notice of such vacancies was given by the insured to the insurer. *Maxwell v. York Mutual Fire Insurance Co.*, 114 Me. 170, 95 A. 877 (1915).

Likewise, "Accepting unearned premiums with the knowledge of a breach of a vacancy clause waives the breach." 8 Couch on Insurance 2d § 37:877. Such acceptance and retention of the premiums with the knowledge that the policy was issued at the time that the premises were vacant is waiver by conduct. *Continental Insurance Company v. Ruckman*, 127 Ill. 364, 20 N.E. 77, 11 Am. St. Rep. 121 (1889).

In the instant case, the insurance agent received premiums from the insured from out of the state. Furthermore, when the insurer's agent, Mr. Barfield, visited the premises in 1976, he could find no one occupying the building.

The agent was advised that the building was vacant in 1973, and there is no evidence that the company was ever informed of any change in occupancy thereafter. As a matter of fact, in May 1976 when the policy was renewed, the cottage was vacant. Having been put on notice concerning the vacancy in 1973, the burden then would remain with the company to ascertain the status of the property if it desired not to renew such policy. See *Stuart v. Insurance Company*, 18 N.C. App. 518, 197 S.E. 2d 250 (1973). Fur-

thermore, the *Stuart* case indicates that if the insurance company had accepted premiums (as is the case here) after notice of non-occupancy, the company would have been estopped to deny coverage. See also, *Williams v. Insurance Company*, 209 N.C. 765, 185 S.E. 21 (1936). The jury in the light of conflicting testimony between the agent Barfield and Mrs. Wells decided the same in favor of the plaintiffs Wells, and the defendant is bound by the rules of law set out above.

We have examined the other objections and exceptions brought forth by the appellants in their brief and have concluded that they are not material to the disposition of this case. Therefore, in the opinion of this Court, the judgment entered in the trial court is without error.

No error.

Judges VAUGHN and ERWIN concur.